The STATE of Ohio, Appellee,

v.

CRENSHAW, Appellant.

[Cite as *State v. Crenshaw* (2001), 145 Ohio App.3d 86.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78210.

Decided Aug. 6, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Gail Denise Baker,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper,* Cuyahoga County Public Defender, and *Jean M. Gallagher,* Assistant Public Defender, for appellant.

KENNETH A. ROCCO, Judge.

Defendant-appellant Shawn Crenshaw appeals the sentence imposed upon him as a result of his conviction for failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331. In four assignments of error, he urges:

"I. The trial court's order to pay the county for the cost of his court–appointed counsel is void because the second sentence of R.C. 2941.51(D) and the sixth sentence of R.C. 120.33(A)(4) are the only authority that purport to authorize such a recoupment order and those provisions deny equal protection and due process.

"II. Even if the recoupment provision is not unconstitutional, the trial court abused its discretion by arbitrarily ordering repayment of appointed counsel fees by an indigent.

"III. Even if the order is a fine, the trial court had no authority to order a fine in addition to the term of incarceration imposed for a misdemeanor and the court abused its discretion by imposing the maximum ($1,000) fine.

"IV. Mr. Crenshaw was denied his right to effective assistance of counsel guaranteed by Art. I, Sect. 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when defense counsel failed to object to the order to pay a 'fine'."

We find that the trial court erred by ordering appellant to pay attorney fees through the assessment of a $1,000 fine. Accordingly, we reverse the judgment to that extent.

## FACTS AND PROCEDURE

Appellant was arrested following a police chase by vehicle and on foot on January 19, 2000, which began when the police attempted to apprehend appellant on an arrest warrant issued by the Ohio Adult Parole Authority. An indictment was issued March 29, 2000, charging appellant with "operating a motor vehicle so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop." The indictment included a specification that "the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."

Appellant was found guilty following a jury trial, although the jury found that appellant's behavior did not create a substantial risk of serious physical harm. The court immediately proceeded to sentence appellant as follows:

"THE COURT: All right. The court is going to sentence you pursuant to [R.C.] 2929.11 through 14, although this is a misdemeanor, that statute really doesn't—the guidelines don't necessarily apply to a misdemeanor. It is for felony sentencing. But we'll use those guidelines nonetheless. And we find that you have shown [sic] to be a recidivist in crime; that you haven't profited from your previous convictions; that you—the evidence here was—is undisputed that, as you noted a minute ago, that you were acting in a dangerous fashion. Somebody could have been killed here. It was dangerous. And you deserve a sentence far more than I'm giving you. But the statute prevents you from receiving your just deserved [sic].

"So you are going to serve a full six months in the county jail. He's going to serve a full six months in the county jail, six months actually spent in the county jail. Credit for time served. And it is not to be run concurrent. He's not to be released to prison until he serves his six months in the county jail. Or if the prison authorities take him beforehand, they are to return him to the county jail until—and he's to be held until six full months are spent here. No credit for good time. Six full months, 180 days.

"In addition, we are going to fine you a thousand dollars, court costs, costs of the defense. We are going to give you six months when you are released from jail to pay those court costs and the fine. And instruct the clerk of courts to notify the court upon six months after your release, and if the court finds you have indeed been out—six months out of jail and haven't paid that fine and court costs, a thousand dollars plus the court costs, plus the attorney fees, and you

haven't applied for an extension of time under extenuating circumstances or made payments in some good–faith showing, the court is going to issue a contempt warrant, which means you'll be rearrested eventually. You'll be back on the capias."

The court entered the following sentencing order on May 31, 2000:

"The court considered all required factors of the law.

"It is therefore ordered and adjudged that the defendant is sentenced to the Cuyahoga County Jail for a term of 6 months to be served apart and aside from any other sentence defendant has received before or may receive after this sentencing.

"Defendant to receive jail time credit, sheriff to calculate and apply.

"Defendant is to pay court costs and is to pay attorney fees assessed as fine of $1,000.00 within 6 months from defendant's release from jail. * * * Clerk's Office to notify this court of non–payment within allotted time * * *.

"Defendant advised of appeal rights. Defendant indigent. Court appoints public defender's office as appellate counsel. Transcript to be ordered at state's expense if defendant decides to appeal."

Appellant timely filed a notice of appeal from this order.

## LAW AND ANALYSIS

In keeping with the principle that we should decide constitutional questions only when necessary to resolve the case, we will address the assignments that allege nonconstitutional errors first. These assignments are dispositive of this appeal.

In the second and third assignments of error, appellant urges that the court abused its discretion by ordering him to pay attorney fees for his appointed counsel or, alternatively, by ordering him to pay a fine in addition to the sentence of imprisonment. We agree.

Appellant was convicted of a first degree misdemeanor. Under R.C. 2929.21, the maximum penalties for such an offense were a definite term of imprisonment of not more than six months or a fine of not more than one thousand dollars, or both. R.C. 2929.22 sets forth the factors the trial court was required to consider in imposing sentence for a misdemeanor. R.C. 2929.22 provides:

"(A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional

or rehabilitative treatment; \* \* \* and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender. "\* \* \*

"(E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.

"(F) The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents, or will prevent the offender from making restitution or reparation to the victim of the offender's offense."

R.C. 2941.51(D) includes a provision for the payment of appointed attorney fees by the party represented:

"[I]f the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay. \* \* \*" See, also, R.C. 120.05.[1]

 The trial court's assessment of attorney fees as a fine conflates R.C. 2929.21, 2929.22, and 2941.51 and is invalid under any of these provisions. First, R.C. 2941.51 does not authorize the assessment of attorney fees as part of a criminal defendant's sentence. Rather, the court must enter a separate civil judgment for the fees or part thereof that the court finds the defendant has the ability to pay. *State v. Trembly* (2000), 137 Ohio App.3d 134, 144, 738 N.E.2d 93, 100. Hence, a requirement that the defendant pay his court-appointed attorney fees as part of his sentence cannot be condoned under R.C. 2941.51, particularly where the court made no findings as to the defendant's ability to pay.

The sentence imposed in this case fell within the statutory maximum terms for a first degree misdemeanor. Generally, we must presume that a sentence that falls within statutory limits was imposed lawfully, unless the defendant-appellant comes forward with evidence to rebut the presumption. The simple fact that the court does not expressly allude to any of the statutory sentencing factors is insufficient to rebut the presumption that the court considered the proper criteria. See, *e.g.*, *State v. Carty* (Nov. 2, 2000), Cuyahoga App. No. 77520,

---

1. In addition, R.C. 2951.02(C) allows a court to order a defendant to pay the fees for a court-appointed attorney as a condition of probation. See *State v. McLean* (1993), 87 Ohio App.3d 392, 622 N.E.2d 402. We note that appellant was not placed on probation, so this section is inapplicable here.

unreported, 2000 WL 1643861; *Strongsville v. Cheriki* (Mar. 4, 1999), Cuyahoga App. No. 73800, unreported, 1999 WL 126947. Here, however, the court's express announcement that it was assessing attorney fees as a fine demonstrates that the court failed to consider the proper statutory criteria. Cf. *Galion v. Martin* (Dec. 12, 1991), Crawford App. No. 3–91–6, unreported, 1991 WL 261835 (affirming imposition of fine while reversing assessment of court-appointed attorney fees as costs).

Under R.C. 2929.22, the court is prohibited from imposing a fine in addition to a term of imprisonment for a misdemeanor unless (1) the fine is specially adapted to deterrence of the offense or the correction of the offender, (2) the offense resulted in physical harm to another's person or property, or (3) the offense was committed for hire or for the purpose of gain. The only potential ground for imposing a fine in this case might be (1): neither (2) nor (3) is applicable. Because a fine for the purpose of paying court-appointed attorney fees would apply only to indigent offenders, we cannot conclude that such a fine is specially adapted to the deterrence of the offense or the correction of the offender. Therefore, the imposition of the fine in addition to a term of imprisonment was not authorized by R.C. 2929.22.

Other reasons support our conclusion that attorney fees for court-appointed counsel cannot be collected as a fine. First, as noted above, the recoupment of court-appointed attorney fees is a civil obligation under the statutes. The court cannot convert this into a criminal obligation (for which the defendant is subject to imprisonment if he does not comply) by the simple expedient of assessing attorney fees as a fine. *Galion v. Martin, supra.*

Second, fines are general obligations; unlike an order to pay costs or restitution, fines are not earmarked for a specific purpose. Thus, fines are paid into the county treasury to the credit of the general fund, R.C. 2949.11, while costs are paid to the clerk of court, and restitution is paid to the victim. With respect to the civil recoupment of court-appointed attorney fees, a portion of the fees recouped under R.C. 2941.51(D) must be paid to the State Public Defender; there is no statutory means to accomplish such a transfer of a portion of a fine.

For these reasons, we find that the court erred by imposing a fine for the payment of attorney fees. Accordingly, we reverse the court's judgment to the extent that it imposes a $1,000 fine.

Appellant does not challenge the remainder of his sentence, which requires that he be confined in the Cuyahoga County Jail for a term of six months and pay court costs. Therefore, these portions of the judgment remain in effect.

*Judgment reversed in part.*

DIANE KARPINSKI, A.J., and PATRICIA A. BLACKMON, J., concur.