OPINION
{¶ 1} Defendant, Michael Hill, was convicted after a jury trial of vehicular vandalism in violation of R.C. 2909.09(B), a felony of the second degree. R.C. 2909.09(C). The court subsequently imposed a sentence on the conviction requiring Hill to serve a four year term of imprisonment, to pay restitution in the amount of $2,506.65, and to "pay all costs of prosecution and court appointed counsel." Hill filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 2} "The trial court erred by imposing attorneys fees as part of the sentence."
 {¶ 3} The General Assembly, acting pursuant to the legislative authority conferred on it by Section 1, Article II of the Ohio Constitution, has assumed the responsibility of defining what acts or omissions are crimes or offenses against the state, and of prescribing suitable penalties in case of guilt. State v.Hogan (1900), 63 Ohio St. 202. As a corollary to that proposition, no penalty may be imposed upon conviction of a criminal offense which the General Assembly has not by statute prescribed for that purpose.
 {¶ 4} R.C. 2929.18 prescribes the financial sanctions a court may impose on conviction for a felony. The costs of or fees paid to court-appointed counsel are not among them.
 {¶ 5} The State relies on R.C. 2941.51(D). That section confers a right of action on a county for any claim it has for reimbursement of court-appointed counsel fees and expenses, "if the person has, or may reasonably be expected to have, the means to meet some part of the cost of the services rendered to the person."
 {¶ 6} The right of action R.C. 2941.51(D) confers must be prosecuted in a civil action. State v. Crenshaw (2001),145 Ohio App.3d 86. That fact is underscored by the further provision of R.C. 2941.51(D) which states that "[t]he fees and expenses (for court-appointed counsel) approved by the court . . . shall not be taxed as part of the costs," as the court here did.
 {¶ 7} The first assignment of error is sustained.
SECOND ASSIGNMENT OF ERROR
 {¶ 8} "The trial court erred by imposing attorneys fees absent an affirmative finding of an ability to pay."
 {¶ 9} The error assigned is rendered moot by our ruling sustaining the first assignment of error, and we therefore need not decide the error assigned. App.R. 12(A)(1)(c).
THIRD ASSIGNMENT OF ERROR
 {¶ 10} "The trial court erred by imposing restitution without considering mr. hill's ability to pay."
 {¶ 11} Before imposing a monetary restitution requirement as a part of a criminal sentence, the court must "consider the offender's present or future ability to pay." R.C. 2929.19(B)(6). Further, the record must affirmatively reflect the court's consideration of those questions in the offender's case. Statev. Martin (2000), 140 Ohio App.3d 326. Here, the court did neither, and the State confesses error in that respect. That part of the trial court's order requiring Defendant to pay restitution in the amount of $2,506.65 will be reversed and vacated, and the case remanded for resentencing with respect to restitution.
 {¶ 12} The third assignment of error is sustained.
FOURTH ASSIGNMENT OF ERROR
 {¶ 13} "The trial court erred by sentencing Mr. Hill to prison based on facts not found by the jury or admitted by Mr. Hill."
 {¶ 14} Vehicular Vandalism is a felony of the second degree. R.C. 2909.09(C). Second degree felony offenses are punishable by a definite term of imprisonment, and the minimum available term is two years. R.C. 2929.14(A)(2). The court must sentence a felony offender to the minimum available term unless, inter alia, "[t]he offender was serving a prison term at the time of the offense, or the offender previously had served a prison term."
 {¶ 15} The court imposed a term of imprisonment of four years. The court specifically found at the sentencing hearing that Defendant had been "releas[ed] on May 17, 2003, from the penitentiary after serving the designated sentence on (a prior) robbery charge." (T.9). The record demonstrates that Defendant's offense in the present case occurred on September 28, 2003. The court's finding was sufficient to permit the greater than minimum sentence the court imposed.
 {¶ 16} Defendant argues that the court is prohibited from imposing a sentence more onerous that one prescribed by law on a finding of fact the jury did not make, under the rule of Blakelyv. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531,159 L.Ed.2d 403. Defendant's failure to object waived any Blakely
violation. However, Blakely expressly exempts the fact of a prior conviction from its findings requirement. Id.,124 S.Ct., at 2536, citing Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2358, 147 L.Ed.2d 435. See, State v. Sour (July 30, 2004), Montgomery App. No. 19913.
 {¶ 17} The fourth assignment of error is overruled.
 Conclusion {¶ 18} Having sustained the first and third assignments of error, we will reverse the sentence imposed on Defendant, in part, vacating the requirement that Defendant pay the costs of his court appointed counsel and the restitution requirement the court imposed. The case will be remanded for further proceedings on the matter of restitution. The trial court's judgment is otherwise affirmed.
Wolff, J. and Young, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.