[Cite as *State v. Breneman*, 2012-Ohio-2534.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                                           :

      Plaintiff-Appellee                        :               C.A. CASE NO.    2010 CA 18

v.                                                               :               T.C. NO.    10CR22

JAMES DOUGLAS BRENEMAN              :                  (Criminal appeal from
                                                                              Common Pleas Court)

      Defendant-Appellant                     :

                                                                 :

         . . . . . . . . . .

**O P I N I O N**

Rendered on the ___8th___ day of ___June___, 2012.

. . . . . . . . . .

NICK A. SELVAGGIO, Atty. Reg. No. 0055607, Prosecuting Attorney, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

MICHAEL R. PENTECOST, Atty. Reg. No. 0036803, Public Defender's Office, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**   Defendant-appellant James D. Breneman appeals his conviction and

sentence for one count of possession of crack cocaine (more than five grams but less than ten grams), in violation of R.C. 2925.11(A)(C)(4)(c), a felony of the third degree. Breneman filed a timely notice of appeal with this Court on June 28, 2010.

{¶ 2} The incident which forms the basis for the instant appeal occurred in the late afternoon on December 26, 2009, when Breneman called 911 and reported that he had been robbed at gunpoint by a man named Bryan Adams on Main Street in Urbana, Ohio. When the 911 operator called him back after the line was disconnected, Breneman informed the operator that the situation had changed and he was no longer in danger.

{¶ 3} Thereafter, Officer Robbie Evans and Sergeant Edward Burkhammer of the Urbana Police Department responded to the scene of the alleged robbery. Once there, the officers observed Adams walking down the middle of a side street just off of South Main Street. The officers also observed Breneman exit an alleyway and join Adams in walking down the middle of the street.

{¶ 4} Sgt. Burkhammer drew his weapon and ordered the two men to the ground so that he could perform a search in order to determine whether either man was armed. While searching Breneman, Sgt. Burkhammer discovered a baggie containing over seven grams of crack cocaine and approximately $771.00 in cash. Breneman was also found to have a cell phone and an address book in his possession. During the subsequent search of the alley from which Breneman had emerged immediately before he joined Adams, the police recovered a glass crack pipe and a digital scale.

{¶ 5} On February 4, 2010, Breneman was indicted for one count of possession of crack cocaine, trafficking in crack cocaine, and possession of criminal tools. The trial court

determined that Breneman was indigent and appointed counsel to represent him. Appointed counsel, Brandon Cogswell, filed a motion to suppress on March 30, 2010. On April 14, 2010, the date of the suppression hearing, Attorney William Settina appeared before the trial court and sought to enter an appearance on behalf of Breneman who stated that he was dissatisfied with the representation of Attorney Cogswell. Breneman also stated that he privately retained Attorney Settina as soon as he was able to gather the necessary money. Attorney Settina orally moved the trial court for a sixty-day continuance of the suppression hearing and the trial date so that he could have adequate time to prepare Breneman's defense.

{¶ 6} The trial court denied Attorney Settina's motion for a continuance and refused to allow him to appear on behalf of Breneman. As a basis for its decision, the trial court cited Attorney Settina's inability to move forward with the suppression hearing, as well as the trial set for April 29, 2010. The trial court ordered Attorney Cogswell to move forward with Breneman's defense at the suppression hearing and the subsequent trial. We note that immediately after denying Attorney Settina's request for a continuance to prepare his case, the trial court granted Attorney Cogswell's request for a continuance of the suppression hearing until April 21, 2010. The trial court overruled Breneman's motion to suppress in a judgment entry filed on April 28, 2010.

{¶ 7} Two days before the trial on April 27, 2010, Breneman filed a *pro se* motion to terminate Attorney Cogswell as his defense counsel. The trial court overruled Breneman's motion prior to jury selection on the date of the trial. After a two-day jury trial, Breneman was found guilty of possession of crack cocaine, but acquitted of the remaining

counts.   At the sentencing hearing held on June 10, 2010, the trial court sentenced Breneman to two years in prison.   It is from this judgment that Breneman now appeals.

{¶ 8}   Breneman's first assignment of error is as follows:

{¶ 9}   "THE TRIAL COURT DENIED APPELLANT HIS SIXTH AMENDMENT RIGHT TO COUNSEL BY REFUSING TO ALLOW APPELLANT'S RETAINED COUNSEL TO ENTER AN APPEARANCE AND FORCING APPELLANT TO GO TO TRIAL WITH COUNSEL WHO'S SERVICES HE HAD REPEATEDLY TRIED TO TERMINATE."

{¶ 10}   In his first assignment, Breneman contends that the trial court abused its discretion when it denied his newly retained counsel's request to enter an appearance and for a continuance so that he could prepare a defense to the charges.   Specifically, Breneman argues that because his request to substitute an attorney of his own choosing for appointed counsel was made prior to trial and because no continuances had previously been requested by the defense, the trial court should have permitted retained counsel to replace appointed counsel, as well as provided new counsel with the opportunity to prepare an adequate defense on Breneman's behalf.

{¶ 11}   The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right *** to have the Assistance of Counsel for his defense." U.S. Constitution Amend. VI.   "[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to insure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United*

*States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140, 148 (1988). Accordingly, while the right to counsel of one's choice is embedded in our jurisprudence, it is not without exceptions. *Id.* A defendant, therefore, has only a presumptive right to employ his own chosen counsel. *State v. Keenan*, 81 Ohio St.3d 133, 137, 689 N.E.2d 929, 937 (1998).

{¶ 12} Reviewing the "deprivation of a criminal defendant's choice of counsel," the U.S. Supreme Court stated as follows:

> We have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar. The court has, moreover, an "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."

{¶ 13} *United States v. Gonzalez-Lopez*, 548 U.S. 140, 142, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). Additionally, "a court must beware that a demand for counsel may be utilized as a way to delay proceedings or trifle with the court." *State v. Harmon*, 4th Dist. Pickaway No. 04CA22, 2005-Ohio-1974, at ¶ 32, quoting *U.S. v. Kryzyske*, 836 F.2d 1013, 1017 (6th Cir.1988).

{¶ 14} Factors to consider in deciding whether a trial court erred in denying a defendant's motion to substitute counsel include "the timeliness of the motion and whether there was a conflict between the attorney and the client that was so great that it resulted in a total lack of communication preventing an adequate defense." *State v. Jones*, 91 Ohio St.3d

335, 342, 2001-Ohio-57, 744 N.E.2d 1163, quoting *U.S. v. Jennings*, 83 F.3d 145, 148 (6th Cir.1996). "In addition, courts should 'balanc[e] *** the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice.'" *Id*. at 342-343. The decision of whether to grant a defendant's motion for substitution of counsel is confided to the sound discretion of the trial court. *Wheat*, 486 U.S. at 164, 108 S.Ct. at 1700, 100 L.Ed.2d at 152.

{¶ 15} Similarly, Breneman acknowledges that the grant or denial of a continuance is a matter that is entrusted to the discretion of the trial court. *State v. Goode*, 2d Dist. Montgomery No. 19273, 2003-Ohio-4323, citing *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981). In evaluating a motion for a continuance, a trial court should consider the following: 1) the length of the delay requested; 2) whether other continuances have been requested or received; 3) the inconvenience to the litigants, witnesses, opposing counsel, and the court; 4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; 5) whether defendant contributed to the circumstances which give rise to the request for a continuance; and 6) other relevant factors, depending on the unique facts of each case. *Unger*, supra, at 67-68.

{¶ 16} As the Supreme Court of Ohio has determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶ 17}** In light of the specific circumstances involved in the instant matter, we find that the trial court abused its discretion when it refused to grant Breneman's motion for substitution of counsel and ordered him to proceed with appointed counsel with whom he had expressed a great deal of dissatisfaction. Initially, we note that Breneman's motion for substitution of counsel was made in a timely fashion, not on the day of trial. We have previously found a suggestion of bad faith where motions to substitute counsel are made on the day of trial, particularly when the trial date has been set for some time. *State v. McCoy*, 188 Ohio App. 3d 152, 2010-Ohio-2639, 934 N.E.2d 971, ¶ 48 (2d Dist.). The indictment against Breneman was originally filed on February 4, 2010. Attorney Settina appeared before the trial court and attempted to enter an appearance on behalf of Breneman on April 14, 2010, prior to the hearing regarding Breneman's motion to suppress. Breneman's trial was scheduled to occur on April 29, 2010. Moreover, the record establishes that Attorney Settina contacted the trial court prior to April 14, 2010, and advised the court of his intention to enter a notice of appearance on behalf of Breneman.

**{¶ 18}** Breneman stated that he was unable to retain Attorney Settina at an earlier date because he simply did not have the money to hire a private attorney when he was

indicted. Attorney Settina indicated to the trial court that he had previously represented Breneman, and noted that there was an apparent breakdown in Breneman's relationship with his appointed counsel, Attorney Cogswell. For his part, Breneman expressed confidence in Attorney Settina's ability to represent him. Attorney Cogswell did not oppose the motion for substitution and orally moved to withdraw as defense counsel. We find that Breneman's motion to substitute counsel was not untimely, nor was it made in an effort to delay the proceedings.

{¶ 19} Attorney Settina indicated to the trial court that if he was allowed to represent Breneman, he would request a continuance of approximately sixty days in which to familiarize himself with the facts of the case and prepare for trial. It is important to note that no prior continuances had been requested by the defense, nor was it unreasonable for Attorney Settina to request a continuance in order to mount an adequate defense. We also note that the State did not oppose Attorney Settina's request for a continuance, only stating that it was prepared to go forward with the motion to suppress that day, as well as the jury trial scheduled for April 29, 2010.

{¶ 20} The trial court's only apparent concern, however, was preserving the original trial schedule, and for that reason it denied the motion for substitution. Specifically, the trial court stated the following:

> The Court's reviewed the Court's calendar up through mid-July. The Court finds that the opportunity for a rescheduled trial would be very difficult to guarantee during the time period. Court finds that the State is prepared with witnesses. Court finds it would be an adverse effect on the State's

witnesses to have a continuance. Court does not currently know the vacation schedule of any of the officers or the witnesses. Court knows we've run into vacation problems with the Urbana Police Division before in the summertime. *** There's no showing that defense witnesses are unavailable for the present trial. Current trial counsel is prepared to proceed. Court finds that the feeling of comfortability [sic] in new counsel is not a sufficient basis for a change of counsel at this stage.

Case was filed February 4, 2010. Attorney Cogswell has been involved by court appointment since February of 2010. There is no showing that current defense counsel has not properly performed duties of counsel.

So the request of Attorney Settina to appear on the behalf of the defendant is not granted. *It's because defense counsel is not able to be properly prepared to represent the defendant based on the current trial schedule. ***.*

{¶ 21} Simply put, the record does not support the findings of the trial court. Initially, we note that no evidence was adduced which established that there "would be an adverse effect on the State's witnesses" if a continuance was granted. Other than asking the State the number of witnesses it expected at trial and whether those witnesses had been advised of the trial date, the court made no inquiries regarding any "adverse effect" a continuance would have on the State's witnesses. Additionally, the trial court's speculation with respect to the vacation schedules of the officers of the Urbana Police Department was not a proper basis upon which to deny the motion for substitution and request for

continuance.

**{¶ 22}** From the record, it appears that the motion to suppress and the trial in this matter were set rather quickly. Breneman was indicted on February 4, 2010, and the trial was scheduled in less than three months time on April 29, 2010. Simply put, there was no concern that the case was stale nor that there was a need to move at an expedited pace to satisfy speedy trial demands. We also note that Breneman was out on bond during almost the entirety of the case.

**{¶ 23}** Lastly, we note that immediately after denying Attorney Settina's motion to appear and request for a continuance, the trial court continued the motion to suppress hearing until April 21, 2010, in order to accommodate Attorney Cogswell's schedule. In light of the trial court's marked emphasis on the ability of counsel to proceed with the current case schedule and the "adverse effect" any continuance would have on the State's witnesses, it seems unusual that the trial court would then continue the motion to suppress by seven days. We also note that Attorney Settina was not asked if he could be ready for the rescheduled motion hearing on April 21, 2010. Simply put, the trial court's basis for denying the motion to appear and request for a continuance was severely undermined by its subsequent decision to continue the motion to suppress in order to accommodate appointed counsel.

**{¶ 24}** Upon review, we find that the trial court's decision to deny Breneman's motion for substitution of counsel and Attorney Settina's request for a continuance was unreasonable under the "unique facts" presented in the instant case. Breneman's motion for substitution was not made in an untimely manner. The State did not oppose Breneman's

motions, and no evidence was adduced which established that the State's witnesses would be adversely affected by a continuance. There were no prior requests for continuances, and there was no evidence of bad faith or contrivance on the part of Breneman or Attorney Settina. The trial court's rigid and inflexible adherence to its trial calendar ignored Breneman's presumptive right to counsel of his own choosing.

{¶ 25} Breneman's first assignment of error is sustained.

{¶ 26} Breneman's second assignment of error is as follows:

{¶ 27} "DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN TRIAL COUNSEL REPEATEDLY ELICITED PREJUDICIAL TESTIMONY OF DEFENDANT'S PRIOR BAD ACTS AND REPUTATION AND FAILED TO OBJECT TO QUESTIONS PROPOSED BY JURORS."

{¶ 28} In light of our disposition with respect to Breneman's first assignment of error, his second assignment is moot.

{¶ 29} Breneman's first assignment of error having been sustained, the judgment of the trial court is reversed, and this matter is remanded for proceedings consistent with this opinion.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Nick A. Selvaggio
Michael R. Pentecost
Hon. Roger B. Wilson