[Cite as *State v. Breneman*, 2014-Ohio-1102.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                                   :

    Plaintiff-Appellee                      :          C.A. CASE NO. 2013 CA 15

v.                                              :          T.C. NO.    10CR22

JAMES D. BRENEMAN                               :          (Criminal appeal from
                                                           Common Pleas Court)

    Defendant-Appellant                     :

                                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____21st____ day of _____March_____, 2014.

. . . . . . . . . .

JENNIFER E. GELLER, Atty. Reg. No. 0088855, Assistant Prosecuting Attorney, 200 N. Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

BARBARA A. LAHMANN, Atty. Reg. No. 0039156, 65 Tahlequah Trail, Springboro, Ohio 45066
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}  In January 2013, James D. Breneman was found guilty by a jury in the

Champaign County Court of Common Pleas of one count of possession of cocaine, a felony of the third degree.[1] The trial court sentenced him to 18 months in prison and to a three-year term of post-release control. The court also ordered Breneman, who was represented by appointed counsel at trial, "to pay back the legal fees" incurred in his defense as costs. Breneman appeals, challenging the court's imposition of costs associated with his legal fees.

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed in part and vacated in part.

{¶ 3} Breneman objects to the portion of his sentence in which the trial court ordered that he "pay back the legal fees" as costs of the case. At the sentencing hearing, the State requested "the costs of the case to be paid appropriately," and the court stated that Breneman would be ordered to pay "costs." The requirement that Breneman pay "legal fees" was stated only in the judgment entry.

{¶ 4} We have held that, if a trial court is to impose costs on a defendant as part of his sentence, it must pronounce those costs in open court at the sentencing hearing, because failure to do so violates a defendant's due process and Crim.R. 43 rights to be present at sentencing. *State v. Miller*, 2d Dist. Clark No. 08CA0090, 2010-Ohio-4760, ¶ 56; *State v. Simms*, 10th Dist. Franklin No. 13AP-299, 2013-Ohio-5142, ¶ 8. By ordering the payment of legal fees only in the judgment entry, the trial court erred in failing to impose

---

[1]In a previous trial, Breneman had been found guilty of possession of cocaine and not guilty of trafficking in cocaine and possession of criminal tools. On appeal, we reversed his conviction for possession, finding that the trial court had abused its discretion when it refused to grant Breneman's motion for substitution of counsel. *State v. Breneman*, 2d Dist. Champaign No. 2010 CA 18, 2012-Ohio-2534. When Breneman was retried, he was again convicted of possession of cocaine.

its entire sentence in Breneman's presence.

{¶ 5}     Furthermore, we have held that R.C. 2941.51(D), upon which the State relies in its brief, does not permit the recoupment of legal costs in the manner employed by the trial court.    R.C. 2941.51(D) does allow a county to seek reimbursement of court-appointed counsel fees if a defendant has the means to pay for some or all of the costs of services provided to him, but we have held that the right of action it confers "must be prosecuted in a civil action."   *Miller* at ¶ 61, citing *State v. Crenshaw*, 145 Ohio App.3d 86, 761 N.E.2d 1121 (8th Dist.2001);   *State v. Hill*, 2d Dist. Clark No. 04CA0047, 2005-Ohio-3877, ¶ 6.   The statute specifically states that "fees and expenses approved by the court under this section shall not be taxed as part of the costs * * *."   R.C. 2941.51(D).

{¶ 6}     In light of the language of R.C. 2941.51(D) and our cases interpreting that provision, the trial court erred in ordering Breneman to pay for his legal representation as costs.   Because we have held that such compensation must be pursued in a separate civil action, this portion of Breneman's sentence will be vacated.

{¶ 7}     The assignment of error is sustained.

{¶ 8}     The portion of the trial court's judgment that requires him to pay legal fees as costs will be vacated.   In all other respects, the judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and WRIGHT, J., concur.

(Hon. Thomas R. Wright, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Jennifer E. Geller
Barbara A. Lahmann
Hon. David C. Faulkner, Visiting Judge