[Cite as *State v. Springs*, 2015-Ohio-5016.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2015-CA-3 |
| | : | |
| v. | : | Trial Court Case No. 14-CR-231 |
| | : | |
| CORY M. SPRINGS, SR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of December, 2015.

. . . . . . . . . . .

KEVIN S. TALEBI, by JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County
Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

ROBERT A. BRENNER, Atty. Reg. No. 0067714, 120 West Second Street, Suite 706,
Dayton, Ohio 45402
      Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Cory M. Springs, Sr. appeals from his conviction and sentence following a

negotiated guilty plea to charges of petty theft, failure to comply with an order or signal of

a police officer, and receiving stolen property.

{¶ 2} In his sole assignment of error, Springs contends the trial court erred in ordering him to pay "court-appointed legal fees and expenses."

{¶ 3} The record reflects that Springs pled guilty to the above-referenced charges in exchange for dismissal of numerous other charges and the State's recommendation of an aggregate four-year prison sentence. The trial court accepted the plea and imposed the recommended sentence. With regard to other sanctions, the trial court advised Springs at sentencing as follows:

> You are ordered to pay back the cost of the case. Judgment is granted for cost. Execution for cost is awarded. Count One, fine is imposed of $150. Count Three, fine is imposed of $250. Count Ten, fine is imposed of $250. The fines are concurrent to one another. Restitution is due payable in the amounts and to the persons named by the State, but they are payable in reverse order. The victim of the stolen vehicle will be paid first. Speedway will be paid second.
>
> *You are also ordered to pay back the cost of the court-appointed legal fees and expenses. They won't be collected as part of the cost of the case. They will be separately collected by the Clerk. I'm just letting you know of your obligation to be responsible for the repayment. Court costs, fines, restitution, and court-appointed legal fees and expenses are to be paid at a minimum $50 per month beginning the second month after release from confinement and due the 28th of each month thereafter.*

(Emphasis added) (Sentencing Tr. at 26-27).

{¶ 4} In its subsequent judgment entry, the trial court stated:

Defendant is ordered to pay back the cost of the legal fees and expenses in the case at bar and those fees and expenses shall be separately collected by the Clerk. R.C. 2941.51(D).

The Court finds that R.C. 2941.51(D) does allow a county to seek reimbursement of court appointed counsel fees if a Defendant has the means to pay for some or all of the costs of services provide[d] to the Defendant, but the right of action it confers must be prosecuted in a civil action. Although, the fees and expenses shall not be taxed as part of the costs, the Court sets forth notice of the Defendant's obligation to be responsible for such payment.

Judgment is granted for the legal fees and expenses and execution for those fees and expenses is awarded.

(Doc. #41 at 12).

{¶ 5} After entering judgment against Springs for the payment of court-appointed counsel fees and awarding execution on that judgment, the trial court's judgment entry proceeded to set forth the following "financial obligation payment schedule":

Defendant shall pay court costs, fine, restitution, *and court-appointed legal fees at a minimum of $50.00 per month* beginning the second month after release from confinement and due the 28th of each month thereafter. Clerk shall apply monies collected to court costs, fine, restitution, and court-appointed legal fees in that order.

(Emphasis added) (*Id.* at 12-13).

{¶ 6} On appeal, Springs challenges the trial court's decision to order him to pay his court-appointed counsel fees. He argues that such fees must be pursued by a county against a defendant in a separate civil action. Therefore, he asks us to vacate the portion of the judgment entry ordering him to pay court-appointed counsel legal fees and expenses. (Appellant's brief at 3).

{¶ 7} Upon review, we find Springs' assignment of error to be persuasive, but only in part. This court addressed the repayment of court-appointed counsel fees *in State v. Hill*, 2d Dist. Clark No. 04CA0047, 2005-Ohio-3877, as follows:

R.C. 2929.18 prescribes the financial sanctions a court may impose on conviction for a felony. The costs of or fees paid to court-appointed counsel are not among them.

The State relies on R.C. 2941.51(D). That section confers a right of action on a county for any claim it has for reimbursement of court-appointed counsel fees and expenses, "if the person has, or may reasonably be expected to have, the means to meet some part of the cost of the services rendered to the person."

The right of action R.C. 2941.51(D) confers must be prosecuted in a civil action. *State v. Crenshaw* (2001), 145 Ohio App.3d 86, 761 N.E. 1121. That fact is underscored by the further provision of R.C. 2941.51(D) which states that "[t]he fees and expenses (for court-appointed counsel) approved by the court . . . shall not be taxed as part of the costs," as the court did here.

*Id.* at ¶ 4-6.

**{¶ 8}** This court discussed the issue more recently in *State v. Hardwick*, 2d Dist. Montgomery No. 26283, 2015-Ohio-1748, as follows:

> R.C. 2941.51(D) allows "a county to seek reimbursement of court-appointed counsel fees if a defendant has the means to pay for some or all of the costs of services provided to him, but we have held that the right of action it confers 'must be prosecuted in a civil action.'" *State v. Breneman*, 2d Dist. Champaign No. 2013 CA 15, 2014-Ohio-1102, ¶ 5, quoting *State v. Miller*, 2d Dist. Clark No. 08CA0090, 2010-Ohio-4760, ¶ 61. (Other citations omitted.) Therefore, requiring a defendant to pay his court-appointed attorney fees as part of his sentence is not condoned under R.C. 2941.51. *State v. Crenshaw*, 145 Ohio App.3d 86, 90, 761 N.E.2d 1121 (8th Dist.2001). *Accord State v. Louden*, 2d Dist. Champaign No. 2013 CA 30, 2013 CA 31, 2014-Ohio-3059, ¶ 5, 28-29 (finding the trial court erred in ordering appellant to pay court-appointed attorney fees as part of his sentence after his community control sanctions were revoked, as attorney fees "must be pursued in a separate civil action").

*Hardwick* at ¶ 29. On the other hand, if an offender is placed on probation, the "trial court can impose and enforce repayment of attorney fees as a valid special condition of probation." *Id.* at ¶ 33, *quoting State v. McLean*, 87 Ohio App.3d 392, 396–397, 622 N.E.2d 402 (1st Dist.1993).

**{¶ 9}** The foregoing case law makes clear that although a defendant can indirectly be required to repay his court-appointed counsel fees as a special condition of probation,

he cannot be directly required to repay court-appointed counsel fees as a criminally enforceable sanction and court-appointed counsel fees may not be taxed as costs. As noted above, the trial court correctly recognized this court's precedent precluded it from taxing court-appointed counsel fees as costs in Springs' criminal case. (Doc. #41 at 12). The trial court also correctly recognized that under this court's precedent, reimbursement of court-appointed counsel fees must be pursued by the government in a separate civil action. (*Id.*).

{¶ 10} We have traced the "separate civil action" language to *City of Galion v. Martin,* 3rd Dist. Crawford No. 3–91-6, 1991 WL 261835 (Dec. 12, 1991). There, the court held

> Thus, the attorney fees may not be assessed against Appellant as part of the state's costs of prosecuting the case. The court may however, require Appellant to pay his attorney fees if there is a reasonable expectation that Appellant has the funds to do so. An action to compel an indigent defendant who has been ordered to repay the expenditures made to appointed counsel, is civil in nature and the state cannot imprison a defendant until such amount is paid.

*Id.* at *5. The court went on to hold that the trial court must determine whether the offender has, or is expected to have, the means to pay all or some of the legal fees and if so then render a "separate civil judgment" for that reimbursable attorney fees. *Id. See also State v. White*, 3rd Dist. Crawford Nos. 3–97–18 and 3–97–19, 1998 WL 229785 (Apr. 21, 1998). We determine that it is proper to consider ability-to-pay and the amount thereof in the criminal case pursuant to R.C. 2941.51(D), as alluded to in *City of Galion*, and for the

trial court to enter judgment against the defendant for the determined ability-to-pay amount. It is the *enforcement* of that judgment that can only be compelled by civil collection proceedings. The Twelfth District observed a split of Ohio authority regarding the necessity of a "separate civil judgment" ordering the payment of court-appointed counsel fees in *State v. Perry*, 12th Dist. Preble No. CA2004-11-016, 2005-Ohio-6041, ¶ 20-21. *Perry* indicated that the Third, Sixth, Eighth, and Ninth Districts refer to a "separate civil judgment" for reimbursement of court-appointed counsel fees. But the Twelfth District, in *Perry* and previous cases, does not require a two-step process, and permits the ability-to-pay and order assessing the amount to be part of the criminal judgment of conviction and sentence entry. We note that the "separate civil judgment" language has crept into every one of the other districts' decisions, including our own, from first or second generation citations to *City of Galion, supra.* Although *City of Galion* at one point used that phrase, it did not describe what it meant by it and that court was apparently referring to the notion that *enforcement* of the fee obligation was "civil in nature" to emphasize that the "state cannot imprison a defendant" for failure to pay the award. *Id. *5

{¶ 11} Here the trial court proceeded to find that Springs would have the ability to repay his court-appointed counsel fees after his release from prison (a finding he has not challenged on appeal), and the court stated "Judgment is granted for the legal fees and expenses and execution for those fees and expenses is awarded."[1] (Doc. #41 at 12). In our view, nothing in R.C. 2941.51(D) or elsewhere precluded the trial court from making

---

[1] We consider the "execution for those fees and expenses is awarded" language in the entry to mean that the county may utilize available civil execution-of-judgment proceedings to collect the judgment and to distinguish the court's decision form one where execution of judgment is stayed.

a finding regarding Springs' ability to pay his court-appointed counsel fees upon his release from prison. Based on its familiarity with the case, the trial court was well-positioned to make this finding. We also conclude that the trial court had the ability to find Springs obligated to pay those fees and to enter judgment for them.

{¶ 12} The concern we have in the trial court's entry is that the obligation to reimburse appointed-counsel fees blended into the court's post-confinement repayment schedule, which we construe to be an element of enforcement. If Champaign County, or the clerk thereof, desires to enforce the reimbursement to which the trial court's findings entitle it, it must pursue civil execution collection proceedings. *Cf. Galion v. Martin*, 3d Dist. Crawford No. 3-91-6, 1991 WL 261835, *5 (Dec. 12, 1991).

{¶ 13} Based on the reasoning set forth above, we hereby modify the trial court's final judgment entry by vacating and excising only the words "and court appointed legal fees" from the "financial obligation payment schedule" to the extent that the schedule compels Springs to make monthly payments toward his court-appointed counsel fees in connection with his criminal case.[2] As so modified, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

Copies mailed to:

Kevin S. Talebi
Jane A. Napier

---

[2] We are likewise concerned that the post-prison payment schedule for any of the other costs and fees is of no effect because after completion of a prison sentence the trial court has no authority to impose additional sanctions and no authority to enforce monetary obligations except through civil enforcement mechanisms. *See, e.g., State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512 (Trial Court had no authority to impose a post-release no-contact order between offender and the victim.) However the efficacy of that part of the court's order was not specifically challenged in this appeal.

Robert A. Brenner
Hon. Nick A. Selvaggio