[Cite as *State v. Skirvin*, 2019-Ohio-2040.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-26 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-193 |
| | : | |
| DAKOTA SKIRVIN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of May, 2019.

. . . . . . . . . . .

SAMUEL ADAM USMANI, Atty. Reg. No. 0097223, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

ALEX KOCHANOWSKI, Atty. Reg. No. 0090940, 6302 Kincaid Road, Cincinnati, Ohio 45213
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Dakota Skirvin, appeals from a judgment of the Champaign County Court of Common Pleas, which revoked his community control sanctions, imposed a 30-month prison sentence, ordered him to pay court costs and a fine consistent with the court's prior judgment placing him on community control sanctions, and ordered him to pay court-appointed counsel fees as previously imposed and related to the community control violation. For the reasons outlined below, the portion of the trial court's sentence ordering Skirvin to pay court-appointed counsel fees will be reversed and remanded for resentencing. In all other respects, the judgment of the trial court will be affirmed.

### Facts and Course of Proceedings

{¶ 2} On October 5, 2016, Skirvin pled guilty to one count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree. Following Skirvin's guilty plea, the trial court sentenced Skirvin to a two-year period of community control sanctions that included both standard and special conditions. The trial court notified Skirvin of the consequences for violating the conditions of community control and noted that if his community control sanctions were revoked, Skirvin would be sentenced to 30 months in prison followed by a mandatory, three-year term of post-release control. In addition to community control sanctions, the trial court ordered Skirvin to pay a $250 fine, court costs, and court-appointed counsel fees. When ordering the payment of those financial obligations at the sentencing hearing, the trial court stated that it had considered Skirvin's presentence investigation report and his present and future ability to pay. The trial court made a similar statement in the corresponding sentencing entry, noting that it found

Skirvin was not indigent, but employable and in good health.

{¶ 3} On August 9, 2017, approximately nine months after the trial court sentenced Skirvin to community control sanctions, Skirvin's probation officer filed a "Notice of Supervision Violation" indicating that Skirvin had committed ten community control violations. On August 14, 2017, the trial court held an arraignment on the alleged violations, during which Skirvin did not contest the existence of probable cause to believe that he had violated the terms of his community control. Because the allegations were uncontested by Skirvin, the trial court found that probable cause existed to hold a community control violation hearing.

{¶ 4} On August 21, 2017, the trial court held the community control violation hearing. At this hearing, the State presented testimony from Skirvin's probation officer, Patrick Powell. Powell testified regarding the details of each community control violation alleged in the "Notice of Supervision Violation." Following Powell's testimony, the trial court found Skirvin guilty of each alleged violation.

{¶ 5} After finding Skirvin guilty of the violations, the trial court revoked community control and sentenced Skirvin to 30 months in prison with a mandatory, three-year term of post-release control. The trial court also ordered Skirvin to pay a $250 fine, court costs, and court-appointed counsel fees. When imposing those financial obligations, the trial court stated the following at Skirvin's sentencing hearing:

> Court has reviewed your present and future ability to pay financial obligations before imposing a financial sanction on you. Court finds that you are employable and in good health. You remain liable for the court costs, fines, and court-appointed legal fees and expenses that were

previously imposed in your earlier case. * * * You are also ordered to pay back the cost of the community control violation case. The legal fees of the community control violation case rather. And the legal fees will be separately collected by the Clerk. They are not to be taxed as part of court costs.

Sentencing Trans. (Aug. 21, 2017), p. 31-32.

{¶ 6} The trial court made similar findings in its corresponding sentencing entry, which stated the following:

In imposing the following financial obligations upon the Defendant, the court has reviewed and considered the information contained in the presentence investigation report (relating to the Defendant's age, health, education and employment history) and the statements of the Prosecutor, Defense Counsel and Defendant in considering the Defendant's present and future ability to pay the amount of the financial obligation before imposing such a financial sanction. R.C. 2929.19(B)(5).

* * *

Defendant remains liable for the amount of court-appointed legal fees and expenses originally imposed in the initial Journal Entry of Judgment, Conviction and Sentence. Defendant is ordered to pay back the cost of the legal fees and expenses in the community control violation case and those fees and expenses shall be separately collected by the Clerk. R.C. 2941.51(D).

Journal Entry, Docket No. 51, p. 7-8.

{¶ 7} Skirvin appeals from the trial court's order revoking community control and imposing sentence following the revocation. In the appeal, Skirvin's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal. After conducting an *Anders* review, this court found two issues with arguable merit for appeal concerning the trial court's order for Skirvin to pay court-appointed counsel fees. Therefore, we rejected Skirvin's *Anders* brief and appointed new appellate counsel to file an appellate brief on Skirvin's behalf. Skirvin's new appellate counsel thereafter filed a brief raising two assignments of error for review.

## First Assignment of Error

{¶ 8} Under his first assignment of error, Skirvin contends that the trial court erred in ordering him to pay court-appointed counsel fees without making an explicit finding on the record regarding his present and future ability to pay. Skirvin also argues that the trial court erred by failing to specify the amount of court-appointed counsel fees he could reasonably be expected to pay.

{¶ 9} R.C. 2941.51(D) provides that court-appointed counsel fees "shall not be taxed as part of the costs and shall be paid by the county." However, R.C. 2941.51(D) also provides that "if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." Therefore, "a defendant may be required to repay court-appointed counsel fees, but only to the extent deemed reasonable if the defendant has a present or future ability

to pay." *State v. Shirk*, 2d Dist. Clark No. 2015-CA-49, 2016-Ohio-7692, ¶ 8.

{¶ 10} To properly impose court-appointed counsel fees, the trial court must (1) consider the defendant's ability-to-pay and the amount thereof, and (2) notify the defendant of the imposition of court-appointed counsel fees at sentencing. *Id.* at ¶ 9, citing *State v. Springs*, 2015-Ohio-5016, 53 N.E.3d 804, ¶ 10 (2d Dist.). (Other citations omitted.) "[A] trial court errs when it orders a defendant to pay court-appointed counsel fees without notifying the defendant of that requirement at sentencing and determining the defendant's ability to pay those fees." (Citation omitted.) *State v. Mitchell*, 2d Dist. Clark No. 2014-CA-108, 2016-Ohio-1422, ¶ 24.

{¶ 11} This court has recently held that the ability-to-pay determination for court-appointed counsel fees cannot be inferred from a trial court's statement that it has reviewed a presentence investigation report that contains information relevant to that determination. *State v. Taylor*, 2018-Ohio-2858, 117 N.E.3d 887, ¶ 20 (2d Dist.). Rather, this court concluded that, "prior to imposing court-appointed counsel fees, the trial court must make an explicit finding that a defendant has or reasonably may be expected to have the means to pay some or all of the cost of his or her legal representation." *Id.* at ¶ 21. This court also held that "the trial court is required to specify the amount of appointed-counsel fees that a defendant can or reasonably may be expected to pay." *Id.*

{¶ 12} Since there is nothing in the language of R.C. 2941.51(D) requiring the trial court to make an explicit finding regarding the defendant's ability to pay court-appointed counsel fees, or to specify the amount the defendant can reasonably be expected to pay, the dissent in *Taylor* argued that the majority's holding improperly added requirements to R.C. 2941.51 that do not exist within the statute. *Taylor* at ¶ 36 (Welbaum, J.,

dissenting). The dissent also argued that the trial court's duty to make an ability-to-pay determination under R.C. 2941.51(D) is similar to the trial court's duty under R.C. 2929.19(B)(5) to consider the offenders present and future ability to pay before imposing financial sanctions, a duty which this court has consistently held does not require an explicit finding as to the defendant's ability to pay. *Id.* at ¶ 37, citing *State v. Conley*, 2015-Ohio-2553, 43 N.E.3d 775, ¶ 49 (2d Dist.), quoting *State v. Parker*, 2d Dist. Champaign No. 03CA0017, 2004-Ohio-1313, ¶ 42 ("a court imposing financial sanctions need not expressly state on the record that it considered an offender's ability to pay. * * * Where the trial court fails to make an explicit finding on a defendant's relative ability to pay, this court has observed that a trial court's consideration of this issue may be 'inferred from the record under appropriate circumstances.' ")

{¶ 13} The dissent in *Taylor* further noted that this court has specifically held that a trial court may comply with its duty under R.C. 2929.19(B)(5) " 'by considering a presentence investigation report ("PSI"), which includes information about the defendant's age, health, education, and work history.' " *Id.*, citing *State v. Hull*, 2d Dist. Clark No. 2016-CA-5, 2017-Ohio-7934, ¶ 10, quoting *State v. Willis*, 2d Dist. Montgomery No. 24477, 2012-Ohio-294, ¶ 4. Given the similarities between R.C. 2941.51(D) and R.C. 2929.19(B)(5), the dissent in *Taylor* agreed with various decisions from the Twelfth District Court of Appeals holding that the ability-to-pay determination under R.C. 2941.51(D) could be inferred from a trial court's statement that it reviewed a PSI, when the PSI contained information relevant to that determination. *Id.* at ¶ 38, citing *State v. Christman*, 12th Dist. Preble Nos. CA2009-03-007 and CA2009-03-008, 2009-Ohio-6555, ¶ 39; *State v. Lane*, 12th Dist. Butler No. CA2002-03-069, 2003-Ohio-1246, ¶ 23; *State*

*v. Dunaway*, 12th Dist. Butler No. CA2001-12-280, 2003-Ohio-1062, ¶ 40; *State v. Flanagan*, 12th Dist. Butler No. CA2002-05-120, 2003-Ohio-1444, ¶ 26; *State v. Lunsford*, 12th Dist. Butler No. CA2001-12-284, 2003-Ohio-1442, ¶ 18.

**{¶ 14}** After the decision in *Taylor* was released, this court certified a conflict between *Taylor* and one of the Twelfth District cases cited in the *Taylor* dissent, namely, *Christman*. The Supreme Court of Ohio subsequently accepted the certified conflict for review. *See State v. Taylor*, 154 Ohio St.3d 1421, 2018-Ohio-4495, 111 N.E.3d 19. Therefore, given the Supreme Court's decision to accept the certified conflict for review, the issue of whether a trial court must make an explicit finding that the defendant has or reasonably may be expected to have the means to pay some or all of the costs of his legal representation is currently pending before the Supreme Court.

**{¶ 15}** Although this writer authored the dissent in *Taylor* and believes that *Taylor* was wrongly decided, the doctrine of stare decisis requires this court to adhere to *Taylor* as the law of this district. " 'The doctrine of stare decisis is designed to provide continuity and predictability in our legal system. We adhere to stare decisis as a means of thwarting the arbitrary administration of justice as well as providing a clear rule of law by which the citizenry can organize their affairs.' " *State v. Lindsey*, 2d Dist. Montgomery No. 24943, 2012-Ohio-3105, ¶ 20, quoting *Rocky River v. State Emp. Relations Bd.,* 43 Ohio St.3d 1, 4-5, 539 N.E.2d 103 (1989).

**{¶ 16}** In this case, the trial court specifically indicated that it had considered Skirvin's present and future ability to pay his financial obligations by reviewing the presentence investigation report and the parties' statements. However, the trial court made no explicit finding regarding Skirvin's ability to pay his court-appointed counsel fees.

While one could infer such a finding from the trial court's statement that it had found Skirvin employable and in good health, pursuant to *Taylor*, such an inference does not constitute an explicit finding. *See Taylor* at ¶ 22.

{¶ 17} As a further matter, we note that the trial court consistently stated that it had reviewed Skirvin's present and future ability to pay before imposing a "financial sanction" on him. But, contrary to the trial court's statements, an order for the payment of court-appointed counsel fees is not a financial sanction. *Springs*, 2015-Ohio-5016, 53 N.E.3d 804, at ¶ 9. The trial court also never indicated on the record what amount of court-appointed counsel fees Skirvin could reasonably be expected to pay. This too was contrary to this court's holding in *Taylor*.

{¶ 18} Skirvin's first assignment of error is sustained.


**Second Assignment of Error**

{¶ 19} Under his second assignment of error, Skirvin contends that when he was resentenced following his community control violation, the trial court improperly blended his obligation to pay court-appointed-counsel fees with his other financial obligations when instructing the Clerk of Court as follows:

> Pursuant to OAC 5120-5-03(B), the Champaign County Clerk of Courts is ORDERED to provide the Department of Rehabilitation and Correction with a certified copy of judgment of the Defendant's total amount of financial obligations due and owing (i.e. restitution, court costs, fines, and court-appointed legal fees and expenses) as set forth within this journal entry.

Journal Entry, Docket No. 51, p. 9.

{¶ 20} As demonstrated within the trial court's August 21, 2017 sentencing entry, the trial court specifically ordered all of Skirvin's financial obligations to be paid by having the Department of Rehabilitation and Correction withhold funds from his inmate account as permitted by Ohio Adm.Code 5120-5-03. Ohio Adm.Code 5120-5-03 establishes "guidelines and procedures for withdrawing money that belongs to an inmate and that is in an account kept for the inmate by the department of rehabilitation and correction (DRC), upon receipt of a certified copy of a judgment of a court of record in an action in which an inmate was a party that orders an inmate to pay a stated obligation." Likewise, R.C. 5120.133(A) "permits the Department of Rehabilitation and Correction to deduct payments toward a certified judgment from a prisoner's account without any other required proceeding in aid of execution[.]" *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 13.

{¶ 21} It is well established that a county's right of action under R.C. 2941.51(D) for reimbursement of court-appointed counsel fees and expenses "must be prosecuted in a civil action." *State v. Hill*, 2d Dist. Clark No. 04CA0047, 2005-Ohio-3877, ¶ 6, citing *State v. Crenshaw*, 145 Ohio App.3d 86, 761 N.E.2d 1121 (8th Dist.2001). *Accord State v. Miller*, 2d Dist. Clark No. 08CA0090, 2010-Ohio-4760, ¶ 61. "The Court may enter a civil judgment regarding appointed counsel fees if it determines that the offender has the ability to pay. However, the collection must be pursued by civil process, not enforced in the criminal proceeding." *State v. Lambert*, 2d Dist. Clark No. 2015-CA-5, 2015-Ohio-5168, ¶ 19, citing *State v. Springs*, 2015-Ohio-5016, 53 N.E.3d 804 (2d Dist.).

{¶ 22} The Supreme Court of Ohio has held that "[w]hen collecting *court costs* from

an indigent criminal defendant, the state may use any collection method that is available to collect a civil money judgment *or may use R.C. 5120.133 to collect from a prisoner's account.*" (Emphasis added.) *Threatt* at paragraph one of the syllabus. We have held that court costs, like appointed-counsel fees, are civil obligations that must be collected through civil enforcement mechanisms. *State v. Johnson*, 2016-Ohio-5160, 69 N.E.3d 176, ¶ 38 (2d Dist.); *State v. Kloeker*, 2016-Ohio-7801, 73 N.E.3d 1167, ¶ 13 (2d Dist.), citing *Galluzzo v. Galluzzo,* 2d Dist. Champaign No. 2012 CA 43, 2013-Ohio-3647, ¶ 6-7. But, unlike court costs, the trial court must make an ability-to-pay finding before imposing appointed-counsel fees. R.C. 2941.51(D); *Lambert* at ¶ 19; *State v. Haynes*, 2d Dist. Clark No. 2013 CA 90, 2014-Ohio-2675, ¶ 10, citing *State v. Lux*, 2d Dist. Miami No. 2010-CA-30, 2012-Ohio-112, ¶ 45. However, even then, we have held that "it is proper to consider ability-to-pay and the amount thereof in the criminal case pursuant to R.C. 2941.51(D) * * * and for the trial court to enter judgment against the defendant for the determined ability-to-pay amount." *Springs* at ¶ 10. "It is the *enforcement* of that judgment that can only be compelled by civil collection proceedings." *Id.*

{¶ 23} Given that appointed-counsel fees and court costs are both civil obligations that must be collected through civil enforcement mechanisms, and given that the Supreme Court of Ohio explicitly held that court costs may be collected using the collection procedure under R.C. 5120.133, we see no reason why that procedure would not be appropriate for collecting appointed-counsel fees as well. Accordingly, this court finds that it is lawful to collect appointed-counsel fees from a prisoner's account using the statutory procedures set forth in R.C. 5120.133 and Ohio Adm.Code 5120-5-03.

{¶ 24} As previously noted, the trial court ordered the Clerk of Court to "provide the

Department of Rehabilitation and Correction with a certified copy of judgment of the Defendant's total amount of financial obligations due and owing (i.e. restitution, court costs, fines, and court-appointed legal fees and expenses)." This order was for purposes of garnishing the financial obligations from Skirvin's prison account under the procedure set forth in Ohio Adm.Code 5120-5-03 and R.C. 5120.133. In the sentencing entry, the trial court properly ordered the court-appointed counsel fees not to be taxed as court costs. *See Springs*, 2015-Ohio-5016, 53 N.E.3d 804, at ¶ 9. Under these circumstances, we find that the financial obligations listed in the sentencing entry may be properly collected via the procedures set forth in Ohio Adm.Code 5120-5-03 and R.C. 5120.133. We also find that the trial court's order for the Clerk of Court to provide the Department of Rehabilitation and Correction with a copy of the judgment to facilitate that collection was not in error.

{¶ 25} Skirvin's second assignment of error is overruled.

## Conclusion

{¶ 26} Having sustained Skirvin's first assignment of error, the portion of the trial court's sentence ordering Skirvin to pay court-appointed counsel fees is reversed and the matter is remanded to the trial court for resentencing in accordance with this opinion. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J., concurs in judgment only.

HALL, J., concurs.

Copies sent to:

Samuel Adam Usmani
Alex Kochanowski
Dakota Skirvin
Hon. Nick A. Selvaggio