[Cite as *State v. Thomas*, 2015-Ohio-4121.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2014-CA-141 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 14-CR-400 |
| v. | : | |
| | : | (Criminal Appeal from |
| MICHAEL THOMAS | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of October, 2015.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 40 East Columbia Street, 4th Floor, Springfield, Ohio 45502
  Attorney for Plaintiff-Appellee

JOHN A. FISCHER, Atty. Reg. No. 0068346, Dearie, Fischer & Dame LLC, Greene Town Center, 70 Birch Alley, Suite 240, Beavercreek, Ohio 45440
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

  {¶ 1} Defendant-appellant Michael Thomas appeals from his conviction and

sentence, following a guilty plea, for Possession of Heroin. Thomas contends that the trial court erred by overruling his motion to suppress evidence allegedly obtained as the result of an unlawful search and seizure.

{¶ 2} We conclude that Thomas has not preserved the alleged error for appellate review, since he pled guilty to the charge. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 3} Thomas was charged by indictment with one count of Trafficking in Heroin, in violation of R.C. 2925.03(A)(2), a felony of the first degree, and one count of Possession of Heroin, in violation of R.C. 2925.11(A), a felony of the second degree. Thomas moved to suppress evidence, contending that it was obtained as the result of an unlawful search and seizure. Following a hearing, the trial court overruled the motion to suppress.

{¶ 4} Thereafter, the State dismissed the Trafficking in Heroin charge, and Thomas pled guilty to the charge of Possession of Heroin. Thomas was sentenced to six years in prison, to be served consecutively with a sentence imposed in a different case. From his conviction and sentence, Thomas appeals.

## II. Any Error in the Overruling of Thomas's Motion to Suppress Has Not Been Preserved for Appellate Review

{¶ 5} Thomas's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN DENYING THE MOTION TO

SUPPRESS.

{¶ 6} Thomas was searched by his parole officer. Thomas contends that his parole officer lacked reasonable grounds for the search.

{¶ 7} The State points out that since Thomas pled guilty to the offense, he has not preserved for appellate review any error in the disposition of his suppression motion. We agree. *State v. Graves*, 2d Dist. Montgomery No. 20818, 2005-Ohio-5575, ¶ 19; *State v. Shelton*, 2d Dist. Montgomery No. 22202, ¶ 3.

### III. Any Error in the Overruling of Thomas's Motion to Suppress Is Not Plain Error, Because Thomas Is Not Prejudiced by the Error

{¶ 8} In his reply brief, Thomas argues that his failure to preserve for appellate review the trial court's error in overruling his motion to suppress is not fatal to his appeal, because the trial court's error was plain error, which need not be preserved. To prevail on a claim of plain error, an appellant "must show that an error occurred, that the error was plain, *and that but for the error, the outcome of the trial clearly would have been otherwise.*" *State v. Mammone*, 139 Ohio St.3d 467, 2014-Ohio-1942, 13 N.E.3d 1051, ¶ 69 (emphasis added).

{¶ 9} Assuming that Thomas, in the case before us, can succeed in showing that the trial court erred in overruling his motion to suppress, and that this error was plain, he cannot show prejudice. Any error in ruling on a motion to suppress evidence is "necessarily harmless" when the evidence sought to be suppressed is not offered in evidence against the defendant. *State v. Phillips*, 75 Ohio App.3d 785, 788, 600 N.E.2d 825 (2d Dist.1991). None of the evidence that Thomas claims was unlawfully obtained

was admitted in evidence against him. His conviction derived, not from this evidence, but from his plea of guilty. Thomas asserts no error in the taking of the plea. We have reviewed the transcript of the plea hearing, and we see no obvious error therein. Thomas did not move to withdraw his plea.

{¶ 10} Thomas's sole assignment of error is overruled.

## IV. Conclusion

{¶ 11} Thomas's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Ryan A. Saunders
John A. Fischer
Hon. Richard J. O'Neill