[Cite as *State v. Lambert*, 2015-Ohio-5168.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-5 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-810 |
| | : | |
| WILLIAM LAMBERT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of December, 2015.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecutor, 50
East Columbia Street, Fourth Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

BRIAN D. BRENNAMAN, Atty. Reg. No. 0088988, 1616 Turner Road, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, William Lambert, appeals from the prison sentence he received in the Clark County Court of Common Pleas following his guilty plea to one count of theft.  Specifically, Lambert challenges the trial court's restitution order, the order taxing court-appointed counsel fees as costs, and the consecutive nature of his six-month prison sentence.  For the reasons outlined below, the judgment of the trial court will be affirmed in part and vacated only as to the trial court's order taxing the court-appointed counsel fees as costs.

**Facts and Course of Proceedings**

{¶ 2} On November 25, 2013, Lambert was indicted for one count of theft in violation of R.C. 2913.02(A)(3), a felony of the fifth degree.  The charge arose after Lambert agreed to construct a new roof for the victim in exchange for $2,425, but never completed any of the work despite being prepaid in full.

{¶ 3} Although Lambert initially pled not guilty to the theft charge, he eventually entered into a plea agreement with the State.  Thereafter, at the May 28, 2014 plea hearing, Lambert and the State advised the trial court that they had reached a plea agreement, whereby Lambert would plead guilty to the single count of theft in exchange for receiving a six-month prison term that would run consecutive to a 36-month prison sentence he was serving in Montgomery County.  The plea agreement also permitted Lambert to obtain judicial release upon him paying $2,425 in restitution.

{¶ 4} The trial court indicated that it would not commit to the judicial release portion

of the plea agreement. Rather, after discussing the matter with the parties, the trial court proposed they consider a different agreement, whereby Lambert would agree to plead guilty to the single count of theft in exchange for a six-month prison term that would run concurrently to the Montgomery County sentence on the condition that Lambert pay $2,425 in restitution prior to the sentencing hearing, which would be scheduled two months away. If Lambert did not pay the restitution within the two-month time period, he would then be subject to a six-month prison sentence that would run consecutively to the Montgomery County sentence.

{¶ 5} The State agreed to tender the offer proposed by the trial court. Lambert, however, continued to negotiate the terms of the agreement in an effort to extend the amount of time in which he would have to pay the restitution. Specifically, Lambert proposed that the sentencing hearing be scheduled three months away, to which the State agreed. Lambert then accepted the revised plea agreement and thereafter pled guilty to the single count of theft. In confirming the plea agreement, the trial court reiterated on the record that if Lambert paid $2,425 in restitution by the sentencing date, the court would impose a six-month concurrent prison sentence, but noted that if Lambert was unable to pay the restitution by the agreed upon deadline, the maximum sentence the court would impose would be a six-month prison sentence consecutive to the Montgomery County sentence.

{¶ 6} The sentencing hearing was scheduled to take place three months later on August 29, 2014. On August 22, 2014, Lambert filed a motion requesting a continuance of 90 days to give him more time to acquire the funds to pay the restitution. Before the trial court issued a decision on that motion, Lambert filed a second motion for continuance

on November 24, 2014, requesting another 90-day extension. The sentencing hearing was ultimately held on December 16, 2014, at which time Lambert had made no payments toward the restitution. Accordingly, as agreed to by the parties, the trial court sentenced Lambert to a six-month prison term to run consecutively to the Montgomery County sentence. The trial court also ordered Lambert to pay restitution in the amount of $2,425 plus court costs. In the judgment entry of conviction and sentence, the trial court ordered Lambert to pay the cost of his court-appointed counsel as well.

{¶ 7} Lambert now appeals from his sentence, raising four assignments of error for our review.

**First Assignment of Error**

{¶ 8} Lambert's First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO PAY RESTITUTION WITHOUT DETERMINING THE DEFENDANT'S PRESENT AND FUTURE ABILITY TO PAY.

{¶ 9} Under his First Assignment of Error, Lambert contends the trial court erred in ordering him to pay restitution without first considering whether he had the present and future ability to pay. We disagree.

{¶ 10} As a preliminary matter, we note that Lambert did not object to the order of restitution, and therefore, he has waived all but plain error. *State v. Croom*, 2d Dist. Montgomery No. 25094, 2013-Ohio-3377, ¶ 92. "To prevail on a claim of plain error, an appellant 'must show that an error occurred, that the error was plain, and that but for the error, the outcome of the trial clearly would have been otherwise.' " (Emphasis omitted.)

*State v. Thomas*, 2d Dist. Clark No. 2014-CA-141, 2015-Ohio-4121, ¶ 8, quoting *State v. Mammone*, 139 Ohio St.3d 467, 2014-Ohio-1942, 13 N.E.3d 1051, ¶ 69.

**{¶ 11}** R.C. 2929.18(A)(1) provides that restitution is a financial sanction that may be imposed. Pursuant to R.C. 2929.19(B)(5), the trial court has a duty to "consider the offender's present and future ability to pay" before imposing any financial sanctions under R.C. 2929.18. *State v. Philbeck*, 2d Dist. Montgomery Nos. 26466, 26467, 2015-Ohio-3375, ¶ 27. In carrying out this duty, the trial court is not required to hold a hearing on the issue of financial sanctions and there are no particular factors that the court must take into consideration or make on the record. (Citation omitted.) *Croom* at ¶ 93. The trial court also does not have to expressly state on the record that it considered the offender's future ability to pay. *State v. Parker*, 2d Dist. Champaign No. 03CA0017, 2004-Ohio-1313, ¶ 42.

**{¶ 12}** "Where the trial court fails to make an explicit finding on a defendant's relative ability to pay, this court has observed that a trial court's consideration of this issue may be 'inferred from the record under appropriate circumstances.' " *Philbeck* at ¶ 27, quoting *Parker* at ¶ 42. In determining whether the trial court considered the offender's future ability to pay, we have considered information obtained by the trial court at the offender's plea hearing. *See, e.g., State v. Lewis*, 2d Dist. Greene No. 2011-CA-75, 2012-Ohio-4858, ¶ 10.

**{¶ 13}** In this case, while the trial court did not discuss Lambert's present and future ability to pay restitution during the sentencing hearing, we can infer from other parts of the record that the required consideration was in fact made. Specifically, the trial court and Lambert had the following discussion at the plea hearing:

COURT: Do you have your own business?

LAMBERT: Yes, sir.

* * *

COURT: Do you have a reasonable likelihood that you're going to be able to pay this restitution soon?

LAMBERT: Well, my car is paid for: I could sell that. I've got other assets. I've got tools and equipment from, you know, over 26 years in the business I have got a lot of stuff that I've had my partner – That I did work for Dayton Metropolitan Housing, but he's got all my stuff. I got a lawsuit pending right now with Jeff Slyman out of Dayton, Ohio, for this accident where I tore my shoulder. They offered a settlement now. It's not enough in his opinion. I mean, I can sign off on it now and they can send a check and I think their offer was around $9,000. He takes a third of it, and I can pay this off now, but obviously, he doesn't want to do that because it doesn't even cover the cost of the repair of the injury to my shoulder. I got people I can borrow from and probably have something written up with Jeff that says when he gets the money, that they get their money off the top, so there is—I can't do anything here because it's $10 a call for—or $15 a call for a ten minute call, but like I said I already made an effort and had Dale get all my stuff, my equipment, everything. My car's parked in my son's mother's

garage. It's a Cadillac STS. It's paid for. So I mean, I do have the potential to pay this back.

Plea Trans. (May 28, 2014), p. 12, 14-15.

{¶ 14} Based on the foregoing exchange, we find that it can be inferred from the record that the trial court considered Lambert's present and future ability to pay before it ordered him to pay restitution as required by R.C. 2929.19(B)(5). Therefore, we find no error, let alone plain error, in the trial court's order of restitution.

{¶ 15} Lambert's First Assignment of Error is overruled.

**Second Assignment of Error**

{¶ 16} Lambert's Second Assignment of Error is as follows:

THE TRIAL COURT ERRED WHEN IT ORDERED DEFENDANT TO PAY COSTS [FOR HIS] COURT-APPOINTED ATTORNEY IN VIOLATION OF HIS DUE PROCESS RIGHTS AND IN VIOLATION OF R.C. 2941.51(D).

{¶ 17} Under his Second Assignment of Error, Lambert argues that the trial court committed plain error in ordering him to pay court-appointed counsel costs as part of his sentence. We agree.

{¶ 18} As this court has stated previously, "R.C. 2929.18 prescribes the financial sanctions a court may impose on conviction for a felony. The costs of or fees paid to court-appointed counsel are not among them." *State v. Hill*, 2d Dist. Clark No. 04CA0047, 2005-Ohio-3877, ¶ 4.

{¶ 19} The State, however, relies on R.C. 2941.51(D) to support the trial court's order imposing court-appointed counsel fees as costs. "That section confers a right of

action on a county for any claim it has for reimbursement of court-appointed counsel fees and expenses, 'if the person has, or may reasonably be expected to have, the means to meet some part of the cost of the services rendered to the person.' " *State v. Hill* at ¶ 5, quoting R.C. 2941.51(D). Yet, "[t]he right of action R.C. 2941.51(D) confers must be prosecuted in a civil action." (Citation omitted) *Id.* at ¶ 6. *Accord State v. Breneman*, 2d Dist. Champaign No. 2013 CA 15, 2014-Ohio-1102, ¶ 5; *State v. Louden*, 2d Dist. Champaign Nos. 2013 CA 30, 2013 CA 31, 2014-Ohio-3059, ¶ 28. In fact, the statute specifically states that "fees and expenses approved by the court under this section shall not be taxed as part of the costs * * *." R.C. 2941.51(D). "Therefore, requiring a defendant to pay his court-appointed attorney fees as part of his sentence is not condoned under R.C. 2941.51." (Citations omitted.) *State v. Hardwick*, 2d Dist. Montgomery No. 26283, 2015-Ohio-1748, ¶ 29. The Court may enter a civil judgment regarding appointed counsel fees if it determines that the offender has the ability to pay. However, the collection must be pursued by civil process, not enforced in the criminal proceeding. *State v. Springs*, 2d Dist. Champaign No. 2015 CA 3, 2015-Ohio-5016.

{¶ 20} At the sentencing hearing, the trial court did not mention court-appointed counsel fees; however, in the judgment entry of conviction and sentence, the trial court ordered the court-appointed counsel fees to be taxed as costs. In light of the language in R.C. 2941.51(D) and our cases interpreting that provision, the trial court committed plain error by ordering Lambert to pay for his legal representation as costs. Therefore, because we have held that such compensation must be pursued in a separate civil action, this portion of Lambert's sentence is vacated. *See Breneman* at ¶ 6; *Louden* at ¶ 29.

{¶ 21} Lambert's Second Assignment of Error is sustained.

**Third and Fourth Assignments of Error**

{¶ 22} For purposes of convenience we will address Lambert's Third and Fourth Assignments of Error together. They are as follows:

III.   THE TRIAL COURT ERRED BY SENTENCING THE DEFENDANT TO CONSECUTIVE SENTENCES AS A CONSECUTIVE SENTENCE IN THIS CASE IS IMPRISONMENT FOR A DEBT AND VIOLATES THE DEFENDANT'S RIGHT TO EQUAL PROTECTION UNDER THE LAW.

IV.   THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO CONSECUTIVE SENTENCES AS THE RECORD DOES NOT SUPPORT THE IMPOSITION OF CONSECUTIVE SENTENCES IN ACCORDANCE WITH R.C. 2929.11 AND 2929.12.

{¶ 23} Under his Third and Fourth Assignments of error, Lambert challenges the consecutive nature of his six-month prison sentence. Lambert first contends that his consecutive sentence is contrary to law because it violated his constitutional right to equal protection under the law. In support of this claim, Lambert argues that he would have received a more favorable sentence if he had been able to pay the $2,425 in restitution prior to sentencing, and thus, claims his economic status impacted the sentence he received. Lambert also contends that consecutive sentences were not supported by the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. We disagree with both of Lambert's claims.

{¶ 24} This court applies R.C. 2953.08(G)(2) as the appellate standard of review

for all felony sentences. *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.). However, "R.C. 2953.08(D)(1) precludes appellate review of a sentence if it 'is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.' " *State v. Plemons*, 2d Dist. Montgomery Nos. 26434, 26435, 26436, 26437, 2015-Ohio-2879, ¶ 13, quoting R.C. 2953.08(D)(1). " 'A sentence is "authorized by law" and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions.' " *State v. Parks*, 2d Dist. Montgomery No. 24493, 2012-Ohio-1981, ¶ 29, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus.

{¶ 25} In the present case, R.C. 2953.08(D)(1) precludes us from reviewing Lambert's prison sentence. Here, Lambert and the state jointly agreed to the six-month consecutive prison term in the event Lambert did not pay the $2,425 in restitution prior to the sentencing hearing. Thereafter, the trial court imposed the agreed upon prison sentence at the sentencing hearing after it was confirmed that Lambert had not paid any of the restitution.

{¶ 26} In addition, Lambert's sentence is authorized by law because it comports with all mandatory sentencing provisions. Specifically, a six-month prison sentence is within the authorized statutory range for a fifth-degree felony such as Lambert's theft offense. *See* R.C. 2929.14(A)(5). The trial court also indicated in its sentencing entry that it had considered the purposes and principles of sentencing under R.C. 2929.11, as well as the statutory seriousness and recidivism factors under R.C. 2929.12. The fact that Lambert disagrees with the trial court's weighing of these principles and factors does

not render his sentence unauthorized by law or otherwise contrary to law. *Plemons* at ¶ 14, citing *Rodeffer* at ¶ 32. ("[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12.").

{¶ 27} The record also reveals that at the sentencing hearing and in the sentencing entry, the trial court made the findings required by R.C. 2929.14(C)(4) to impose consecutive sentences. However, we have held that the consecutive-sentence findings are unnecessary when the sentence is an agreed sentence. *State v. Weese*, 2d Dist. Clark No. 2013-CA-61, 2014-Ohio-3267, ¶ 5.

{¶ 28} We further note that even if we were to find some error in the trial court's sentence, which we do not, Lambert's constitutional challenge to the consecutive sentence would be barred under the doctrine of invited error. "Under the invited-error doctrine, a party is not entitled to take advantage of an error that he himself invited or induced the trial court to make." (Emphasis omitted.) *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶ 243, citing *State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 27. The doctrine applies to cases in which a defendant entered into a plea agreement covering the alleged error claimed on appeal. *See, e.g., State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, 934 N.E.2d 920, ¶ 10 (holding a defendant cannot take advantage of an error that he invited through the plea negotiations); *State v. Marcum*, 4th Dist. Hocking Nos. 12CA22,12CA26, 2013-Ohio-2189, ¶ 10 ("[the invited-error] doctrine applies to errors arising from a negotiated plea agreement").

{¶ 29} In this case, it is apparent from the record of the plea hearing that Lambert voluntarily agreed, as a term of the plea agreement, to receive a consecutive sentence in the event he did not pay the restitution before the sentencing hearing. Therefore, any error in that term of the plea agreement would have been, at worst, invited error.

{¶ 30} Lambert's Third and Fourth Assignments of Error are overruled.

## Conclusion

{¶ 31} The portion of the trial court's judgment requiring Lambert to pay court-appointed counsel fees as costs will be vacated. In all other respects, the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

FAIN, J., concurs.

DONOVAN, J., dissenting:

{¶ 32} In my view, the majority affirms a decision of the lower court which is the functional equivalent of a return to debtor's prison. Increasing a prison term by a six-month consecutive term because Lambert is indigent and unable to make restitution is fundamentally wrong in its reasoning process and is constitutionally repugnant. It is also dangerous in its implication under the equal protection and due process clauses of the Ohio and U.S. Constitutions. "Due process and equal protection principles converge" in the analysis of cases where a defendant may have been improperly sentenced due to the defendant's poverty. *Bearden v. Georgia*, 461 U.S. 660, 665, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).

{¶ 33} "The treatment of indigent criminal defendants has for more than a half-

century been a central focus of the [U.S.] Supreme Court's criminal procedure jurisprudence. Indeed the Court has often used very strong language concerning the importance of *eradicating* wealth-related disparities in criminal justice." Hamilton, *Risk-Needs Assessment: Constitutional and Ethical Challenges*, 52 Am. Crim. L. Rev. 231, 247-248 (2015), citing Starr, *Evidence-Based Sentencing and the Scientific Rationalization of Discrimination*, 66 Stan. L. Rev. 803, 823 (2014).

{¶ 34} Furthermore, by characterizing it as invited error, the majority ignores the constitutional issues which arise when the judge himself "negotiates" with an indigent criminal defendant for a reduced sentence subject to payment of full restitution prior to disposition rather than considering the purposes and principles of sentencing as R.C. Chapter 2929, inter alia, requires at the time of the actual disposition.[1] Such an abuse of discretion thwarts the process of sentencing determination as to an entire class of individuals to-wit: indigents. The seriousness and recidivism factors, coupled with the consecutive term provisions of R.C. Chapter 2929, inter alia, are entirely neutral as to the socioeconomic status of a defendant; this plea negotiation and sentence are not. Hence, the judicial negotiation cannot withstand equal protection and due process considerations.

{¶ 35} I recognize that the State has an interest in making the victim whole by encouraging the payment of restitution, and such a fact may be considered in the court's exercise of discretion. However, the opposite is not true, Lambert did not earn an

---

[1] Although the trial court gave lip service to R.C. 2929.11 and 2929.12 at sentencing, the sentencing "determination" was erroneously set in stone at the plea hearing and improperly and unrealistically hinged upon an indigent's ability/inability to pay restitution before sentencing.

additional six-month term due to lack of resources.   Furthermore, a distinction must be recognized between willful non-payment and indigency.

{¶ 36} Significantly, not noted by the majority, is the fact that Lambert had been in prison for over nine months at the time of sentencing and prior thereto, in a local jail in lieu of bond.   This ignores the fact that "a defendant who is unable to make bail and is jailed will have very few opportunities to make restitution."   Zhong, *Judging Remorse*, 39 N.Y.U. Rev. L. & Soc. Change 133, 166 (2015).   Furthermore, the United States Supreme Court has long emphasized that "there can be no equal justice when the kind of trial (sentence) a man gets depends on the amount of money he has."   *Griffin v. Illinois*, 351 U.S. 12, 19, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

{¶ 37} Although Lambert unrealistically thought he might be able to sell a car or tools or settle a civil suit[2] while serving prison time, there is absolutely no showing this was anything other than wishful thinking.   Additionally, there is no evidence Lambert was anything other than indigent.   It is important to note that just prior to his plea, Lambert requested in a written motion that his lawyer be discharged because he was inaccessible to him and had provided virtually no assistance.   Lambert also noted that the cost of phone calls from the prison was cost prohibitive at a rate of $10.00 - $15.00 per call.   These facts illustrate just how difficult it is to somehow access and sell personal property

---

[2] The record reflects Lambert filed a final pro se motion for continuance of his sentencing to try to make restitution from the proceeds of a pending civil suit, as mediation therein had been scheduled.   However, no continuance was granted to secure those funds if, in fact, the case settled.   Inexplicably the record contains nothing regarding defense counsel's effort to communicate with Lambert's civil attorney to determine how quickly Lambert could access any monetary settlement.   The only reference to the pending suit beyond Lambert's written pro se motion was his oral plea to the trial court to reset disposition as he asserted that mediation on the civil matter had been scheduled for the day before this sentencing.

while incarcerated.

{¶ 38} Justice does not fare well when poverty leads to an additional six-month prison term. I would reverse and modify pursuant to our authority under R.C. 2501.02 and order this six-month term to be served concurrently, not consecutively with Montgomery County's 36-month sentence.

. . . . . . . . . .

Copies mailed to:

Ryan A. Saunders
Brian D. Brennaman
Hon. Douglas M. Rastatter