[Cite as *State v. Kloeker*, 2016-Ohio-7801.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2015-CA-38 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 15-CR-126 |
| v. | : | |
| | : | (Criminal Appeal from |
| KEITH A. KLOEKER | : |  Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 18th day of November, 2016.

. . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, by JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorneys for Plaintiff-Appellee

JOE CLOUD, Atty. Reg. No. 0040301, 3973 Dayton-Xenia Road, Beavercreek, Ohio 45432
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

    **{¶ 1}** Defendant-appellant Keith A. Kloeker appeals from that part of the trial

court's sentencing order requiring him to pay court costs and fees for appointed counsel. The State concedes that the sentencing order should be corrected to remove the order to pay counsel fees, but defends the order to pay court costs.

{¶ 2} We conclude that the trial court erred by mandating a payment plan for the costs and counsel fees as part of the criminal sentence. We modify the portion of the judgment entry mandating a post-confinement payment plan for costs and counsel fees, and affirm the judgment in all other respects.

## I. The Course of Proceedings

{¶ 3} Kloeker was indicted on nine counts of Telephone Harassment, fifth-degree felonies, in violation of R.C. 2917.21 (A)(5)(C)(2), nine counts of Violating a Protection Order, third-degree felonies, in violation of R.C. 2919.27(A)(1)(B)(4), and nine counts of Violating a Protection Order, fifth-degree felonies, in violation of R.C. 2919.27(A)(1)(B)(3).

{¶ 4} Kloeker and the State entered into a plea agreement, in which the State agreed to dismiss all but one count. Pursuant to the plea agreement, Kloeker entered a plea of guilty to one count of Violating a Protection Order, a third-degree felony, in violation of R.C. 2919.27(A)(1)(B)(4). In the plea agreement, Dkt.#22, Kloeker was informed that the court could impose a fine of up to $10,000, and "court costs, restitution and other financial sanctions including fines, day fines, and reimbursement for the costs of any sanctions may also be imposed." The plea agreement does not mention the possibility of a judgment for appointed counsel fees. At the plea hearing, Kloeker was verbally informed that the court could "impose payment of the cost of the case, attorney fees and fines," and Kloeker acknowledged that he understood. Neither the plea hearing

transcript nor the dispositional hearing transcript provides any questions, answers, or statements from anyone regarding Kloeker's income, assets, debts, or his ability to pay any financial sanctions, costs, or fees.

{¶ 5} The pre-sentence investigation report shows that Kloeker has a high school education, that he has one dependent, for whom he is required to pay $240 per month in child support, and that he has a child support arrearage of at least $21,000. His employment history includes past employment working at three different pizza restaurants, earning minimum wage, and a current job as a roofer earning $10 an hour, with earnings of $500 per month, which varies monthly based on the work available. The report shows a history of drug use and a seizure disorder requiring medical care. This was confirmed at the plea hearing, with Kloeker stating that he was on medication for the seizure disorder. The report also states that Kloeker has lived with others, eliminating housing expenses, but that he has a monthly phone bill of $50.

{¶ 6} In its journal entry of judgment, conviction and sentence, the trial court made a finding that Kloeker was not indigent and would be able to pay costs, fines, and appointed counsel fees, based on the information contained in the pre-sentence investigation report, and statements of the prosecutor, defense counsel and the defendant, considering that he is "employable and in good health." The entry also states:

> Defendant is ordered to pay back the cost of the legal fees and expenses in the case at bar and those fees and expenses shall be separately collected by the Clerk. R.C. 2941.51(D).

> The Court finds that R.C. 2941.51(D) does allow a county to seek reimbursement of court appointed counsel fees if a Defendant has the

means to pay for some or all of the costs of services provide[d] to the Defendant, but the right of action it confers must be prosecuted in a civil action. Although, the fees and expenses shall not be taxed as part of the costs, the Court sets forth notice of the Defendant's obligation to be responsible for such repayment.

Judgment is granted for the legal fees and expenses and execution for those fees and expenses is awarded.

Dkt. #24.

{¶ 7} The trial court ordered Kloeker to pay costs of the action and stated: "Judgment is granted for costs and execution for costs is awarded." *Id.* The court also imposed a fine of $500, and noted that restitution was not requested. The judgment entry also contains an order setting up a mandatory payment plan as follows:

Defendant shall pay court costs, fine, and court-appointed legal fees at a minimum of $50.00 per month beginning the second month after release from confinement and due the 28th of each month thereafter. Clerk shall apply monies collected to court costs, fine, and court-appointed legal fees in that order.

Dkt. #24.

{¶ 8} The affidavit of indigency filed after the indictment, Dkt.#4, indicates that Kloeker has no assets, and reports debts for child support and telephone expenses. The affidavit shows employment income in the amount of $300 per month. Other than the sentencing hearing, no separate hearing was conducted on Kloeker's ability to pay court ordered fines, costs, or counsel fees. From the order of sentencing, Kloeker appeals.

## II. The Standard of Review

{¶ 9} We have applied an abuse-of-discretion standard to the review of an error alleging that the trial court improperly imposed a repayment schedule for court costs or court appointed counsel fees as part of a criminal sentence. *State v. Johnson,* 2d Dist. Champaign No. 2015-CA-24, 2016-Ohio-5160, ¶ 38; S*tate v. Hawley,* 2d Dist. Montgomery No. 25897, 2014-Ohio-731, ¶13; *State v. Chase*, 2d Dist. Montgomery No. 26238, 2015-Ohio-545, ¶14.

{¶ 10} Kloeker's assignment of error involves the portion of the sentencing order that imposes a post-confinement payment schedule for the payment of costs and counsel fees. Based on an abuse-of-discretion standard of review, we must determine whether the portion of the sentence ordering the post-confinement payment of costs and court-appointed counsel fees is grossly unsound, unreasonable, illegal, or unsupported by the evidence. *State v. Woods*, 2d Dist. Clark No. 2015-CA-75, 2016-Ohio-1103, ¶ 10.

## III. The Trial Court Erred by Mandating the Payment of Costs and
## Counsel Fees in the Criminal Sentencing Order

{¶ 11} Kloeker has presented one assignment of error as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED A JUDGMENT ENTRY PROVIDING FOR THE "ENFORCEMENT" OF COURT COSTS AND COURT APPOINTED COUNSEL FEES AGAINST THE DEFENDANT

{¶ 12} Kloeker relies on the holding of *State v. Springs*, 2015-Ohio-5016, 53

N.E.3d 804 (2d Dist.), for the proposition that we must vacate or modify the portion of the sentencing order that orders a post-confinement payment plan for the repayment of court appointed counsel fees. Kloeker argues the trial court has no authority to enforce monetary obligations in the judgment entry, absent civil enforcement mechanisms. We agree that the execution of a judgment against a criminal defendant for statutorily permitted costs and fees must be pursued by through civil proceedings. *Id.* at ¶10.

{¶ 13} Regarding enforcement of orders for costs and fees, we have held, "[A]lthough trial courts have the authority to enforce their orders through contempt proceedings, R.C. 2705.02, an order to pay court costs is essentially a judgment on a contractual debt where the court is the creditor and the party ordered to pay court costs is the debtor. As such, the creditor, i.e., the court, can collect only the money it is due by the methods provided for the collection of civil judgments." *Galluzzo v. Galluzzo*, 2d Dist. Champaign No. 2012 CA 43, 2013-Ohio-3647, ¶¶ 6-7; *State v. Johnson, supra,* citing *State v. Lamb*, 163 Ohio App. 3d 290, 2005-Ohio-4741, 837 N.E. 2d 833, ¶13 (2d Dist.). R.C. 2929.18(D) specifically provides that once a financial sanction is imposed as a judgment or order as part of a felony sentence, the collection of the sanction, including costs and appointed counsel fees, can proceed "in the same manner and form as a certificate of judgment issued in a civil action."

{¶ 14} In *State v. Springs, supra,* we raised the concern that the trial court's entry contained "the obligation to reimburse appointed-counsel fees blended into the court's post-confinement repayment schedule, which we construe to be an element of enforcement." We concluded that "[i]f Champaign County, or the clerk thereof, desires to enforce the reimbursement to which the trial court's findings entitle it, it must pursue civil

execution collection proceedings." *Springs* at ¶ 12. The same error we identified in *Springs* occurred in the case before us regarding the imposition of a payment plan for court appointed counsel fees in the sentencing entry. Subsequent to *State v. Springs*, we held that the imposition of a mandatory post-confinement payment plan for court costs is also improper. *State v. Johnson, supra,* at ¶ 39. "Since costs from a criminal action can only be collected through civil enforcement mechanisms, the trial court erred when it ordered *Johnson* to remit the costs from his criminal action through the fee schedule it created and included in his judgment entry of conviction." *Id.*

{¶ 15} Therefore, Kloeker's sole assignment of error is sustained.

## IV. Conclusion

{¶ 16} Kloeker's sole assignment of error having been sustained, that part of the trial court's judgment entry setting up a post-prison payment plan that compels Kloeker to make monthly payments toward his court-appointed counsel fees and court costs imposed in his criminal case is Vacated. As so modified, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

DONOVAN, P.J., concurring:

{¶ 17} I write separately to emphasize that pursuant to R.C. 2947.23(C) "the court retains jurisdiction to waive, suspend or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." In my view, this must be acknowledged given what the record

establishes regarding Kloeker's indigency status, debt, imprisonment and lack of assets. I accept that we are limited to the error assigned which is the enforcement plan, however, when trial courts impose costs and fees upon an imprisoned indigent, they do little to promote public confidence in the "fairness, rationality and enforceability of the law where there is no realistic probability costs and fees will be collected." Ohio Judicial Conference, Impact Summary H.B. 247, prepared pursuant to R.C. 105.911.

. . . . . . . . . .

Copies mailed to:

Kevin S. Talebi
Jane A. Napier
Joe Cloud
Hon. Nick A. Selvaggio