[Cite as *State v. Eubanks*, 2017-Ohio-2681.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-39 |
| | : | |
| v. | : | Trial Court Case Nos. 2013-CR-361 |
| | : | and 2014-CR-09 |
| ANGELA R. EUBANKS | : | |
| | : | (Criminal Appeal from |
| *Defendant-Appellant* | : | Common Pleas Court) |
| | : | |

. . . . . . . . . .

# O P I N I O N

Rendered on the 5th day of May, 2017.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

CHRISTOPHER C. GREEN, Atty. Reg. No. 0077072, 400 Wayne Avenue, Dayton, Ohio 45410
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} This case is before us on the appeal of Defendant-Appellant, Angela Eubanks, from her convictions and sentences in two criminal actions. In one action, Eubanks pled guilty to Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse, or a Combination of Them ("OVI"), a fourth-degree felony under R.C. 4511.19(A)(1)(a),(G)(1)(d). In the other action, Eubanks pled guilty to Theft, a fifth-degree felony under R.C. 2913.02(A)(2),(B)(2). Following the guilty pleas, the trial court sentenced Eubanks to 12 months in prison for the OVI conviction and 10 months in prison for the Theft conviction. These terms were to be served concurrently with each other and consecutively to a sentence previously imposed in Clark County Common Pleas Court Case No. 2015-CR-134.

{¶ 2} The trial court imposed total fines of $2,250 for both cases, and in the OVI case, ordered restitution of $6,405.45 to Myers Auto Body, in connection with an automobile that Eubanks had damaged while driving under the influence. In addition, the court ordered Eubanks to pay court costs and legal fees for both cases. The court's judgment stated as follows in a paragraph entitled "Financial Obligation Repayment Schedule":

> Defendant shall pay court costs, fine, restitution, and court-appointed legal fees at a minimum of $50 per month beginning the second month after release from confinement and due the 28th of each month thereafter. Clerk shall apply monies collected to restitution, court costs, fine, and court-appointed legal fees in that order.

Journal Entry of Judgment, Conviction, and Sentence, Doc. #27, p. 15.

{¶ 3} After Eubanks appealed, her appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and asked to withdraw as counsel. On July 15, 2016, we issued a decision and entry rejecting the *Anders* brief and indicating that we would appoint new counsel. *State v. Eubanks*, 2d Dist. Champaign No. 2015-CA-39 (July 15, 2016).[1] Eubank's new counsel then filed a brief, raising two assignments of error, which deal with the order to pay court costs and court-appointed legal fees and expenses. The State has conceded error, and the offending language will be excised from the judgment entry.

### I. Orders Pertaining to Payment of Court Costs and Legal Fees

{¶ 4} Because the assignments of error are related, we will consider them together. Eubanks' First Assignment of Error raises the following issue:

Whether the Trial Court Erred When It Ordered Court-Appointed Legal Fees and Expenses Be Included in the Defendant's Post-Prison Payment Obligation Because Those Costs and Fees May Only Be Enforceable Through a Civil Action.

{¶ 5} The Second Assignment of Error raises the following issue:

Whether the Court Erred When It Ordered a Post-Prison Payment Schedule for Other Costs and Fees Because the Court Has No Authority to Impose Additional Sanctions or Authority to Enforce Post-Prison Monetary Obligations Except Through a Civil Action.

{¶ 6} Under these assignments of error, Eubanks argues that court costs and legal

---

[1] Our decision was filed in Champaign County on July 18, 2016.

fees and expenses may not be imposed on defendants as criminally enforceable sanctions, but must be pursued in civil collection proceedings. The State has conceded error, based on our prior decisions in *State v. Kloeker*, 2d Dist. Champaign No. 2015-CA-38, 2016-Ohio-7801, ___ N.E.3d ___, and *State v. Johnson*, 2016-Ohio-5160, 69 N.E.3d 176 (2d Dist.), which clarified and extended our prior decision in *State v. Springs*, 2015-Ohio-5016, 53 N.E.3d 804 (2d Dist.). The State points out that *Kloeker* and *Johnson* were issued after the entry in the present case was filed. As a result, the State asks that we modify the trial court judgment to exclude court costs and legal fees and expenses, rather than reversing the judgment and remanding for resentencing.

{¶ 7} In *Springs*, we considered whether courts can directly require defendants to pay legal fees as a criminally enforceable sanction. We held that "although a defendant can indirectly be required to repay his court-appointed counsel fees as a special condition of probation, he cannot be directly required to repay court-appointed counsel fees as a criminally enforceable sanction and court-appointed counsel fees may not be taxed as costs." *Id.* at ¶ 9, discussing *State v. Hardwick*, 2d Dist. Montgomery No. 26283, 2015-Ohio-1748, ¶ 29 and 33. (Other citations omitted.)

{¶ 8} *Springs* involved a provision in a judgment entry that is essentially identical to the one involved in the case before us. *Id.* at ¶ 5. We expressed concern over "the obligation to reimburse appointed-counsel fees blended into the court's post-confinement repayment schedule," which we construed as "an element of enforcement." *Id.* at ¶ 12. We, therefore, modified the judgment entry "by vacating and excising only the words 'and court appointed legal fees' from the 'financial obligation payment schedule' to the extent that the schedule compels [the defendant] to make monthly payments toward his court-

appointed counsel fees in connection with his criminal case." *Id.* at ¶ 13.

{¶ 9} In *Johnson*, the appellant relied on *Springs* and challenged the part of a judgment entry that required him to pay court costs, fines, and court-appointed fees in a post-prison repayment schedule. *Johnson*, 2016-Ohio-5160, 69 N.E.3d 176, at ¶ 33. Notably, *Springs* had not considered the issue of whether court costs are properly included in a post-prison repayment schedule. As in *Springs*, the payment provision in *Johnson* was essentially same as the provision currently under consideration. *Id.* at ¶ 34. In *Johnson*, we observed that:

> Pursuant to R.C. 2947.23, the trial court was required to "include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." However, court costs are distinct from criminal punishment. This is because "although costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 15.

*Johnson* at ¶ 38.

{¶ 10} We further commented that "[a]n order to pay court costs is essentially a judgment on a contractual debt where the court is the creditor and the party ordered to pay court costs is the debtor. *State v. Lamb*, 163 Ohio App.3d 290, 2005-Ohio-4741, 837 N.E.2d 833, ¶ 13 (2d Dist.). As such, the creditor, i.e., the court, *can collect only the money it is due by the methods provided for the collection of civil judgments.*" (Emphasis sic.) *Id.*

{¶ 11} We then stressed that "the trial court did not have the authority to enforce

monetary obligations *except through civil enforcement mechanisms*." (Emphasis sic.) *Id.* at ¶ 39, citing *Springs*, 2015-Ohio-5016, 53 N.E.3d 804, at ¶ 13. In light of this reasoning, we held that because "costs from a criminal action can only be collected through civil enforcement mechanisms, the trial court erred when it ordered [the defendant] to remit the costs from his criminal action through the fee schedule it created and included in his judgment entry of conviction." *Id.* Consistent with our approach in *Springs*, we modified the trial court's judgment by excising the incorrect language. *Id.* at ¶ 43.

{¶ 12} We reached the same decision in *Kloeker*, where the trial court again had required a defendant to pay court costs, fines, and legal fees as part of a post-release payment order. *Kloeker*, 2d Dist. Champaign No. 2015-CA-38, 2016-Ohio-7801, ___ N.E.3d ___, at ¶ 7. Relying on *Springs* and *Johnson*, we modified the trial court judgment to exclude the incorrect language, and affirmed the judgment as modified. *Id.* at ¶ 14-16.

{¶ 13} Based on our prior authority and the State's concession of error, the First and Second Assignments of Error are sustained. The judgment will be modified to excise the offending language.

## II. Conclusion

{¶ 14} All of Eubanks' assignments of error having been sustained, the trial court's final judgment entry is vacated and modified as follows: Under the paragraph entitled "Financial Obligation Payment Schedule," the words "court costs" and the words "and court appointed legal fees" are excised to the extent that the schedule compels Eubanks

to make monthly payments toward her court costs and court-appointed legal fees in connection with her criminal case. As modified, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Jane A. Napier
Christopher C. Green
Hon. Nick A. Selvaggio