[Cite as *State v. Webb*, 2019-Ohio-1145.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-9 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-160 |
| | : | |
| SEAN COREY WEBB | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 29th day of March, 2019.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

AMY E. FERGUSON, Atty. Reg. No. 0088397, Ferguson Law Office, LLC, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Sean Corey Webb, appeals from a judgment of the Champaign County Court of Common Pleas, which imposed a prison sentence following the revocation of his community control sanctions. Specifically, Webb contends that the trial court erred by imposing a payment schedule for the collection of court costs and court-appointed counsel fees. The State concedes error in that regard.

{¶ 2} Upon review, and considering the State's concession, we find that the judgment entry from which Webb appeals referred to an improper payment schedule for the collection of court costs. Because it is improper for the trial court to impose a payment schedule for court costs, the judgment entry will be modified to excise the language referring to an improper payment schedule. The judgment will be affirmed as modified.

**Facts and Course of Proceedings**

{¶ 3} On July 22, 2016, Webb pled guilty to attempted tampering with evidence and possession of heroin. The offenses occurred when an Adult Parole Authority officer caught Webb, who was on post-release control for an unrelated offense, attempting to alter a drug screen using synthetic urine in a bladder bag that was strapped to his person. When Webb's actual urine was collected, it tested positive for heroin.

{¶ 4} On August 30, 2016, the trial court sentenced Webb for the above-named offenses and placed him on community control sanctions for a period of four years. As part of his community control, the trial court ordered Webb to pay a $250 fine, court costs, and court-appointed counsel fees. The trial court also imposed a payment schedule

whereby the trial court ordered Webb to pay all his financial obligations by August 1, 2020, at a minimum of $50 per month.

{¶ 5} On October 3, 2016, approximately a month after being placed on community control, Webb's probation officer filed a notice of supervision violation. The notice alleged that Webb had violated multiple conditions of his community control. Shortly after receiving the notice, on October 12, 2016, the trial court held a hearing on the matter. During this hearing, Webb admitted to all the alleged community control violations.

{¶ 6} In sentencing Webb for the admitted violations, the trial court reimposed community control for an extended period of five years and ordered Webb to pay all the financial obligations that were previously imposed during the original sentencing hearing. The trial court also ordered Webb to pay the court costs and court-appointed counsel fees associated with the community control violation proceedings. For purposes of collection, the trial court ordered the originally imposed payment schedule to remain in effect.

{¶ 7} Five months later, on March 29, 2017, Webb's probation officer filed a second notice of supervision violation alleging that Webb had violated another condition of his community control. On April 12, 2017, the trial court held a hearing on the matter during which Webb again admitted to the alleged violation. The trial court thereafter revoked Webb's community control sanctions and sentenced him to 17 months in prison.

{¶ 8} In addition to sentencing Webb to prison, the trial court ordered Webb to pay all the financial obligations previously imposed. The trial court also ordered Webb to pay the court costs and court-appointed counsel fees associated with the second community control violation. In doing so, the trial court did not specifically indicate whether the originally imposed payment schedule would remain in effect.

{¶ 9} With regard to court-appointed counsel fees, the corresponding sentencing entry provided that those fees would be separately collected by the clerk of court through civil collection proceedings. However, with respect to court costs, the sentencing entry referenced the previously imposed payment schedule and provided as follows:

> If the Defendant fails to pay that judgment [for court costs] *or fails to timely make payments towards that judgment under a payment schedule approved by the court*, the court may order the Defendant to perform community service until the judgment is paid *or until the court is satisfied that the Defendant is in compliance with the approved payment schedule*. If the court orders the Defendant to perform the community service, the Defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount. R.C. 2947.23(A).

(Emphasis added.) Journal Entry of Disposition (April 13, 2017), Champaign County C.P. No. 2016-CR-160, Docket No. 89, p. 6.

{¶ 10} Webb now appeals from the sentence imposed by the trial court following the revocation of his community control sanctions, raising one assignment of error for review.

**Assignment of Error**

{¶ 11} Webb's sole assignment of error is as follows:

THE PAYMENT SCHEDULE IMPOSED BY THE TRIAL COURT MUST BE

VACATED AND PURSUED THROUGH CIVIL PROCEEDINGS.

{¶ 12} Under his assignment of error, Webb contends that the trial court erred at sentencing by imposing a payment schedule for the collection of court costs and court-appointed counsel fees.   Specifically, Webb argues that the trial court had no authority to enforce the payment of those costs and fees absent civil enforcement mechanisms. The State concedes error based on *State v. Kloeker*, 2016-Ohio-7801, 73 N.E.3d 1167 (2d Dist.), *State v. Johnson*, 2016-Ohio-5160, 69 N.E.3d 176 (2d Dist.), and *State v. Eubanks*, 2d Dist. Champaign No. 2015-CA-39, 2017-Ohio-2681.

{¶ 13} In *Kloeker*, we vacated a similar court-ordered payment schedule for court costs and court-appointed counsel fees on grounds that a trial court has no authority to enforce those monetary obligations in a judgment entry absent civil enforcement mechanisms.   *Kloeker* at ¶ 12-15.   Specifically, we held that "the execution of a judgment against a criminal defendant for statutorily permitted costs and fees must be pursued * * * through civil proceedings."   *Id.* at ¶ 12, citing *State v. Springs*, 2015-Ohio-5016, 53 N.E.3d 804, ¶ 10 (2d Dist.).   We further explained that:

> "[A]lthough trial courts have the authority to enforce their orders through contempt proceedings, R.C. 2705.02, an order to pay court costs is essentially a judgment on a contractual debt where the court is the creditor and the party ordered to pay court costs is the debtor.  As such, the creditor, i.e., the court, can collect only the money it is due by the methods provided for the collection of civil judgments." *Galluzzo v. Galluzzo*, 2d Dist. Champaign No. 2012 CA 43, 2013-Ohio-3647, ¶¶ 6-7; *State v. Johnson*, *supra*, citing *State v. Lamb*, 163 Ohio App.3d 290, 2005-Ohio-

4741, 837 N.E.2d 833, ¶ 13 (2d Dist.). R.C. 2929.18(D) specifically provides that once a financial sanction is imposed as a judgment or order as part of a felony sentence, the collection of the sanction, including costs and appointed counsel fees, can proceed "in the same manner and form as a certificate of judgment issued in a civil action."

In *State v. Springs*, *supra*, we raised the concern that the trial court's entry contained "the obligation to reimburse appointed-counsel fees blended into the court's post-confinement repayment schedule, which we construe to be an element of enforcement." We concluded that "[i]f Champaign County, or the clerk thereof, desires to enforce the reimbursement to which the trial court's findings entitle it, it must pursue civil execution collection proceedings." *Springs* at ¶ 12. The same error we identified in *Springs* occurred in the case before us regarding the imposition of a payment plan for court appointed counsel fees in the sentencing entry. Subsequent to *State v. Springs*, we held that the imposition of a mandatory post-confinement payment plan for court costs is also improper. *State v. Johnson, supra*, at ¶ 39. "Since costs from a criminal action can only be collected through civil enforcement mechanisms, the trial court erred when it ordered Johnson to remit the costs from his criminal action through the fee schedule it created and included in his judgment entry of conviction." *Id.*

*Kloeker* at ¶ 13-14. *Accord Eubanks* at ¶ 11-12. *See also Johnson* at ¶ 38-39.

{¶ 14} Pursuant to our decisions in *Kloeker*, *Johnson*, and *Eubanks*, the

reimbursement of court costs and court-appointed counsel fees must be pursued through civil collection proceedings. As noted above, such costs and fees are not properly collected through a court-ordered payment schedule.

{¶ 15} In this case, the trial court's initial two entries sentencing Webb to community control sanctions improperly ordered Webb to pay court costs and court-appointed counsel fees via a payment schedule. However, the sentencing entry appealed from (the April 13, 2017 entry sentencing Webb to prison) did not expressly order Webb to pay court costs and court-appointed counsel fees via the payment schedule. Instead, the entry properly ordered court-appointed counsel fees to be collected through civil collection proceedings, but referenced the improper payment schedule when ordering the payment of court costs. As previously noted, the entry stated as follows:

> If the Defendant fails to pay that judgment [for court costs] *or fails to timely make payments towards that judgment under a payment schedule approved by the court*, the court may order the Defendant to perform community service until the judgment is paid *or until the court is satisfied that the Defendant is in compliance with the approved payment schedule*. If the court orders the Defendant to perform the community service, the Defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount. R.C. 2947.23(A).

(Emphasis added.) Journal Entry of Disposition (April 13, 2017), Docket No. 89, p. 6.

{¶ 16} The foregoing language arguably indicates that the previously imposed payment schedule is still in effect for the collection of court costs. Since costs from a criminal action can only be collected through civil enforcement mechanisms, the trial court erred when it referenced the payment schedule in the sentencing entry at issue. *See State v. Ragland*, 2d Dist. Champaign No. 2015-CA-36, 2017-Ohio-2783, ¶ 14.

{¶ 17} We also note that the aforementioned language in the sentencing entry tracks the language in R.C. 2947.23(A)(1)(a), which provides as follows:

In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. If the judge or magistrate imposes a community control sanction or other nonresidential sanction, the judge or magistrate, when imposing the sanction, shall notify the defendant of both of the following:

(i) *If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.*

(ii) *If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.*

(Emphasis added.) R.C. 2947.23(A)(1)(a)(i)-(ii).

{¶ 18} Pursuant to R.C. 2947.23(A)(1)(a), when sentencing a defendant to community control, the trial court is required to notify the defendant that if he or she fails to pay a judgment for court costs, the court can order the defendant to perform community service, for which the defendant will receive credit toward the costs owed. Although the trial court gave such a notification in the sentencing entry at issue, the notification was not required since Webb was sentenced to prison. *See State v. Wade*, 2d Dist. Clark No. 2015-CA-45, 2015-Ohio-5171, ¶ 16-19.

{¶ 19} To the extent that R.C. 2947.23(A)(1)(a) references a "payment schedule approved by the court" we stress that, despite that language, the execution of a judgment against a criminal defendant for court costs must be pursued through civil proceedings, not through a court-ordered payment schedule. Specifically, "the state may use any collection method that is available for collection of a civil judgment for money, as well as the procedures set out in R.C. 5120.133 if the defendant is incarcerated." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 16. *Accord Dibert v. Carpenter*, 2018-Ohio-1054, 98 N.E.3d 350, ¶ 53 (2d Dist.).

{¶ 20} Because the trial court improperly referenced the court-ordered payment schedule for court costs in the sentencing entry at issue, Webb's assignment of error is sustained.

## Conclusion

{¶ 21} Having sustained Webb's assignment of error, the trial court's sentencing

entry of April 13, 2017, is modified to excise the following language on page six of the entry:

If the Defendant fails to pay that judgment [for court costs] or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the Defendant to perform community service until the judgment is paid or until the court is satisfied that the Defendant is in compliance with the approved payment schedule. If the court orders the Defendant to perform the community service, the Defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount. R.C. 2947.23(A).

As modified, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Jane A. Napier
Amy Ferguson
Sean Corey Webb
Hon. Nick A. Selvaggio