[Cite as *State v. Dominique*, 2022-Ohio-2068.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY


State of Ohio                                      Court of Appeals No.  F-21-012

       Appellee                             Trial Court No.  20CR126

v.

David A. Dominique                          **DECISION AND JUDGMENT**

       Appellant                            Decided:  June 17, 2022

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Following a jury trial, defendant-appellant, David A. Dominique, appeals the August 11, 2021 judgment of the Fulton County Court of Common Pleas, convicting him of tampering with evidence and sentencing him to a term of 12 months in prison.  For the following reasons, we reverse.

# I.    Background

{¶ 2} According to the evidence presented by the state at trial, David Dominique was serving a term of community control.  As one of the conditions of community control, he was required to report for visits with Tiffany O'Neill, a probation officer employed by the Fulton County Western District Court.  On October 29, 2020, Dominique reported for a visit with O'Neill.  At that visit, he was expected to provide a urine sample that would be tested for the presence of drugs or alcohol.  Apparently fearful that drugs or alcohol would be detected in his urine sample, Dominique arrived at his meeting wearing a bladder around his waist filled with synthetic urine.  This was discovered when the bladder leaked, leaving a visible wet spot in the crotch of his pants.  Dominique first claimed that his pants became wet from working in the rain, but quickly admitted that he had purchased the synthetic urine for purposes of providing a urine sample that day.

{¶ 3} On direct examination, Dominique's fiancée testified that she became aware of his intent to use the synthetic urine and confronted him, he agreed that he would not use it, but he did not have enough time to remove the bladder before his scheduled meeting time.  On cross-examination, she acknowledged that in a phone call from the jail, Dominique told her that the thing leaked and he got caught.

{¶ 4} A jury convicted Dominique of tampering with evidence, a violation of R.C. 2921.12(A)(2), a third-degree felony.  The trial court sentenced him to a term of 12

2.

months in prison, and three years' discretionary postrelease control. Dominique appealed. He assigns the following errors for our review:

I. Dominique was entitled to an abandonment jury instruction as his voluntary actions showed he abandoned his attempt to supply fake urine and was not under threat of detection when he made this voluntary action.

II. The State's evidence showed Dominique knew he could not supply fake urine, as his actions caused the bag of urine to empty all over his pants and he gave the urine bag to his probation officer before he went to the bathroom, thus the conviction was based upon insufficient evidence.

## II. Law and Analysis

{¶ 5} In his first assignment of error, Dominique complains that the trial court erred in refusing to instruct the jury on abandonment or renunciation of criminal purpose. In his second assignment of error, he challenges the sufficiency of the evidence. Because we find it dispositive, we begin by addressing Dominique's second assignment of error.

{¶ 6} R.C. 2921.12(A)(2) provides that "[n]o person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * * [m]ake, present, or use any record, document, or thing, knowing it to be false and with purpose to mislead a public official who is or may be engaged in such proceeding or investigation, or with purpose to corrupt the outcome of any such proceeding or investigation." Dominique argues that his conviction was based on insufficient evidence

3.

because he necessarily could not use or supply synthetic urine to the probation officer given that the bladder of urine had emptied all over his pants and was turned over to his probation officer before he actually attempted to provide a urine sample.

{¶ 7} The state responds that for purposes of R.C. 2921.12(A)(2), Dominique "used" the synthetic urine even though he never "presented" it to the probation officer by placing it in a testing cup. It claims that Dominique could be convicted of tampering with evidence simply by appearing for the meeting with the bladder of synthetic urine wrapped around his waist. It insists that the offense occurred at the moment he arrived at the courthouse for the meeting with his probation officer, and "it is irrelevant that [he] was not able to actually mislead his probation officer because the bladder that contained the synthetic urine later leaked before he could place the synthetic urine in the testing cup * * *."

{¶ 8} Whether there is sufficient evidence to support a conviction is a question of law. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In reviewing a challenge to the sufficiency of evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Internal citations omitted.) *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). In making that determination, the appellate court will not weigh the evidence or

4.

assess the credibility of the witnesses. *State v. Walker,* 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978).

{¶ 9} Ohio courts hold that a person can be convicted of tampering with evidence where he or she submits a false urine sample during a random drug screening urine test. *State v. Thomas*, 5th Dist. Licking No. 14-CA-90, 2015-Ohio-2116. That is because ongoing probation and supervision constitutes an "investigation" for purposes of R.C. 2921.12(A)(2), and should the defendant test positive for illegal drug or alcohol use, this could lead to an official proceeding to revoke his community control sanctions. *Id.* at ¶ 15. The question here is whether Dominique "ma[d]e," "presented," or "used" the synthetic urine given that the bladder leaked before he had a chance to deposit the synthetic urine in the testing cup.

{¶ 10} In *State v. Dye*, 5th Dist. Licking No. 18-CA-54, 2019-Ohio-885, the defendant was convicted of tampering with evidence when he tried to pass off someone else's urine as his own during a drug screen. The defendant argued that his conviction was against the manifest weight and sufficiency of the evidence because he did not actually follow through with his intention to substitute someone else's urine for his own. Rather, he claimed, "he never actually dumped the urine he brought with him in a bottle, into the test cup," therefore, his conduct constituted only *attempted* tampering with evidence. *Id.* at ¶ 36. The court rejected the defendant's argument because, it explained, the record revealed otherwise. Specifically, the state had offered the testimony of a

5.

probation officer who saw the defendant put his hand into the pocket of his sweatshirt, pull out the bottle containing the urine, and empty some of the urine into the test cup. The court concluded, therefore, that there was sufficient evidence to support a conviction for tampering with evidence and the verdict was not against the manifest weight of the evidence.

{¶ 11} Here, it is undisputed that Dominique never emptied any of the urine into the testing cup. Nevertheless, the state argues that while Dominique may not have "presented" the urine to his probation officer, he "used" it when he appeared for the meeting with the urine contained in a bladder that he had wrapped around his waist. We disagree.

{¶ 12} The state correctly recites the definition of "use." It means "to employ for some purpose; put into service; make use of." (*See* https://www.dictionary.com/browse/use, last accessed May 5, 2022). Certainly, the state presented evidence that Dominique *intended* to employ, put into service, or make use of the synthetic urine—specifically, he planned to place the synthetic urine in the testing cup and pass it off as his own so that his probation officer would not discover that he had ingested drugs or alcohol. But Dominique's plan was thwarted when the bag leaked. An offender is appropriately convicted of only an *attempt* to commit a crime where the act forming the charged offense was not successful, finished, or completed. *State v. Russell*, 2d Dist. Montgomery No. 18155, 2000 WL 1547085, *5 (Oct. 20, 2000); R.C.

6.

2923.02(A) (" No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."). Here, because Dominique's plan was thwarted before he could use the synthetic urine, his conduct rose only to the level of *attempted* tampering with evidence. It is insufficient to constitute the crime of tampering with evidence. *See State v. Smerczynski*, 7th Dist. Belmont No. 18 BE 0025, 2019-Ohio-2712, ¶ 3, 10 (defendant entered plea to reduced charge of attempted tampering-with-evidence where his attempt to use "male urine simulation device" "was interdicted before it was effective"); *State v. Webb*, 2d Dist. Champaign No. 2017-CA-9, 2019-Ohio-1145, ¶ 3 (defendant entered plea to attempted tampering with evidence after Adult Parole Authority officer caught him "attempting to alter a drug screen using synthetic urine in a bladder bag that was strapped to his person").

{¶ 13} Accordingly, we agree with Dominique that his conviction for tampering with evidence was not supported by sufficient evidence. We find his second assignment of error well-taken and vacate his conviction. Given this conclusion, we decline to address his first assignment of error.

### III.    Conclusion

{¶ 14} Dominique's plan to submit a false urine sample was thwarted when the bladder of urine tied around his waist leaked. The crime not having been successful, finished, or completed, his conduct rose only to the level of attempted tampering with

7.

evidence—not tampering with evidence.  Accordingly, there was insufficient evidence to support Dominique's conviction of tampering with evidence.  We find his second assignment of error well-taken and vacate his conviction.

{¶ 15} Given our resolution of Dominique's second assignment of error, we need not address his first assignment of error.

{¶ 16} We reverse the August 11, 2021 judgment of the Fulton County Court of Common Pleas and vacate Dominique's conviction for tampering with evidence.  The state is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.        _____

                                                      JUDGE

Christine E. Mayle, J.        

                                       _____

Gene A. Zmuda, J.                                    JUDGE

CONCUR.

                                       _____

                                                          JUDGE

8.